

John Gallagher
P.O. Box 712473
Santee, CA 92072
Telephone: (619) 379-8279

FILED
2008 AUG -4 PM 1:04
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JOHN GALLAGHER

              Plaintiff

vs.

SAN DIEGO UNIFIED PORT DISTRICT, CITY OF CORONADO et al., AND DOES 1 THROUGH 20

              Defendant

Case No. 08-cv-0886 IEG (RBB)

**OBJECTION TO STATEMENT OF RELATED CASES**

## I

## BASES OF OBJECTION

Defendant San Diego Unified Port District has filed a statement of related cases pursuant to local Court Rule 40.1 (e), the statement cites two allegedly related cases, <u>John Gallagher v. San Diego Unified Port District</u> Case No. 08-cv

-1-

08876-IEG(RBB), and <u>Daniel Renard v. San Diego Unified Port District</u>, Case no. 07-cv-22347-H (BLM).

The cited local rule characterizes "related" cases as those 1) which involves some of the same parties <u>and</u> are based on the same, or similar claims, 2) involve the same property, transactions or event or 3) involve substantially the same facts, and the same questions of law. By this objection, plaintiff submits that the two cited cases do <u>not</u> meet the criteria of rule 40.1 (e).

Starting with the Renard case, the port notice states that matter is presently on appeal before the Ninth Circuit. In fact, on 02-13-08, the Appellant Court remanded that action to this Court, upholding a district court ruling <u>removing</u> the case to the State Court. See exhibit A. Moreover, the Renard case does not rest on the same set of operative facts, nor the same causes of action pleaded herein.

With regards to the initial Gallagher matter, the current complaint does not rest upon the same, or similar causes of action, nor does it rest upon the same questions of law or fact. In short, plaintiff submits that the claim of relatedness simply does not withstand scrutiny. Plaintiff, therefore, submits that defendant attempt to forum shop should be rejected, and the present matter assigned in ordinary due course.

Dated 08-04-08

                  Respectfully Submitted,

                  */s/ John Gallagher*

                  **JOHN GALLAGHER**

                  **In Pro Se**

Exhibit A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RENARD,<br><br>                              Plaintiff,<br>vs.<br><br>SAN DIEGO UNIFIED PORT DISTRICT, and DOES 1 through 65, INCLUSIVE,<br><br>                              Defendants. | CASE NO. 07-CV-2347-H (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Defendant San Diego Unified Port District ("Defendant") removed this case from San Diego Superior Court on December 17, 2007. (Doc. No. 1.) Plaintiff Daniel Renard ("Plaintiff"), pro se, filed a motion to remand on January 2, 2008. (Doc. No. 3.) Defendant filed its opposition on January 29, 2008. (Doc. No. 7.) On February 4, 2008, Plaintiff filed his reply brief. (Doc. No. 8.) The Court submits the motion on the papers pursuant to its discretion under Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court GRANTS Plaintiff's motion to remand the case to state court.

## Background

Plaintiff is the owner and operator of vessels in San Diego Bay. (Doc. No. 1.) On August 23, 2003, Plaintiff filed a civil action against Defendant in this court. (Id.) On or about December 2, 2003, Plaintiff and Defendant entered into a settlement

1  agreement. (Id.) Under the agreement, Defendant granted Plaintiff a disabled permit
2  to anchor his vessel in a free anchorage area, and Plaintiff agreed to dismiss his claims
3  with prejudice. (Id.) On or about June 6, 2006, Defendant's Board of Port
4  Commissioners voted to permanently eliminate the free anchorage area and revoked
5  Plaintiff's disabled permit. (Id.) Plaintiff alleges that Defendant thereafter unlawfully
6  seized and impounded vessels, including the Plaintiff's vessel. (Id.)

7      On August 15, 2007, Plaintiff filed suit against Defendants in San Diego Superior
8  Court. (Id.) Plaintiff's initial complaint stated seven causes of action: enforcement of
9  settlement agreement, breach of written contract, negligent misrepresentation, fraud and
10 deceit, breach of implied covenant of good faith and fair dealing, injunctive relief and
11 disgorgement under California Business and Professions Code § 17200 et seq., and
12 declaratory relief. (Doc. No. 8.) On November 9, 2007, the Superior Court denied
13 Defendant's motion for demurrer. (Id.) Plaintiff's amended complaint, filed on
14 November 19, 2007, eliminated the § 17200 cause of action. (Doc. No. 1.) All six
15 remaining causes of action at least in part arise from the parties' negotiation of the
16 settlement agreement and Defendant's alleged breach of that agreement. Plaintiff's
17 declaratory relief cause of action seeks a determination of the parties' rights and duties
18 under the settlement agreement and 33 C.F.R. § 110.90, which defines the anchorage
19 grounds for vessels in San Diego Bay. Plaintiff alleges that Defendant violated this
20 regulation when it eliminated the free anchorage area in the San Diego Bay and revoked
21 Plaintiff's disabled permit. (Id.)

22     On December 17, 2007, Defendant removed Plaintiff's amended complaint to this
23 court pursuant to 28 U.S.C. § 1441(b). (Id.) Defendant contends that it may remove
24 Plaintiff's complaint under 42 U.S.C. § 1983 and 33 C.F.R. § 110.90. (Id.) However,
25 Plaintiff's well-pleaded complaint does not allege a cause of action under 42 U.S.C. §
26 1983 or 33 C.F.R. § 110.90.

27 **Discussion**
28     A civil action is removable under 28 U.S.C. § 1441(b) if it is "founded on a claim

1  or right arising under the Constitution, treaties or laws of the United States ... ." 28
2  U.S.C. § 1441(b). A claim arises under federal law if "a well-pleaded complaint
3  establishes either that federal law creates the cause of action or that the plaintiff's right
4  to relief necessarily depends on resolution of a substantial question of federal law."
5  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). See
6  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (holding that the "party who
7  brings the suit is the master to decide what law he will rely upon.") Courts should
8  construe removal statutes restrictively and resolve doubts regarding removability in
9  favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313
10 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

11     Defendant has failed to demonstrate that removal is proper in this action.
12 Plaintiff's first five claims seek damages from Defendant's alleged breach of written
13 contract, negligent misrepresentation, fraud & deceit, and breach of implied covenant
14 of good faith and fair dealing. (Doc. No. 1.) These clearly do not arise under federal
15 law. See, e.g. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 382
16 (1994) (finding that state courts should hear settlement agreement enforcement cases,
17 unless an independent basis for jurisdiction exists); Gardener v. UICI, 508 F.3d 559
18 (9th Cir. 2007) (indicating that remand of plaintiff's breach of contract and conspiracy
19 suit was proper without diversity jurisdiction). Federal courts also do not have inherent
20 or ancillary jurisdiction to enforce a settlement agreement simply because the plaintiff
21 filed the underlying lawsuit in federal court. Kokkonen, 511 U.S. at 380-81.

22     Contrary to Defendant's assertion, Plaintiff did not bring a cause of action under
23 42 U.S.C. § 1983 or 33 C.F.R. § 110.90. First, Plaintiff's well-pleaded complaint does
24 not allege that Defendant violated 42 U.S.C. § 1983. Removal jurisdiction is not
25 conferred simply because plaintiff had an opportunity to sue under a federal statute.
26 See Rains v. Criterion Systems, Inc., 80 F.3d 339, 343-44 (9th Cir. 1996) (holding that
27 removal was improper because although plaintiff's complaint referred to a federal
28 statute, the plaintiff's wrongful termination claim did not arise under the federal

statute); Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997) (finding no removal jurisdiction when a plaintiff's sexual harassment complaint referred to Title VII of the Civil Rights Act and the U.S. Constitution but sought only state law remedies). Plaintiff's complaint makes no mention of 42 U.S.C. § 1983. Therefore, removal under 42 U.S.C. § 1983 is improper.

Second, Plaintiff's declaratory relief cause of action, which refers to 33 C.F.R. § 110.90, does not confer removal jurisdiction. 33 C.F.R. § 110.90, which defines the anchorage grounds for vessels in San Diego Bay, does not create a federal cause of action. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 817 (1986). In Merrell, the court stated that when evaluating whether a federal statute creates a federal cause of action, courts should look to: (1) whether Congress passed the statute to benefit the class of plaintiffs to which plaintiff belongs, (2) whether Congress intended to provide a private right of action, (3) whether a federal cause of action would further the statute's underlying scheme, and (4) whether state law traditionally controls the plaintiff's cause of action. Merrell, 478 U.S. at 810-11. Congress passed 33 U.S.C. § 471, which authorized 33 C.F.R. § 110.90, to ensure safe and efficient nautical navigation, not to provide allegedly injured parties with a private right of action. 33 U.S.C. §§ 471, 1221-36, 2030, 2035, and 2071. Morever, state law traditionally controls Plaintiff's causes of action. Therefore, a federal question does not arise from Plaintiff's claim for declaratory relief relating to 33 C.F.R. § 110.90 because the regulation does not create a federal cause of action.

Plaintiff's right to relief also does not rely on a court's resolution of a substantial federal law question. The regulation anticipates state actors resolving issues arising under 33 C.F.R. § 110.90, noting that "[m]ariners anchoring in these anchorages, excluding Anchorage A-6, should consult applicable local ordinances of the San Diego Unified Port District." 33 C.F.R. § 110.90. Therefore, Plaintiff's well-pleaded complaint does not raise a federal law question.

| | |
|---|---|
| 1 | **Conclusion** |
| 2 | For the reasons stated above, the Court GRANTS Plaintiff's motion to remand |
| 3 | this case to state court. |
| 4 | IT IS SO ORDERED. |
| 5 | DATED: February 13, 2008 |

*[Signature]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record

John Gallagher
P.O. Box 712473
Santee, CA 92072
Telephone: (619) 379-8279



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GALLAGHER<br><br>Plaintiff<br><br>vs.<br><br>SAN DIEGO UNIFIED PORT DISTRICT, CITY OF CORONADO et al., DOES 1 THROUGH 20<br><br>Defendant | Case No. 08-cv-0886 IEG (RBB)<br><br>DECLARATION OF SERVICE PURSUANT TO CALIFORNIA CIVIL PROCEDURE SECTION 1013(a), AND 2015.5 |

I, Karl Masek, declare that I'm, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to this action, and I'm a resident in the County of San Diego, California, in which

-1-

1 | county the within mentioned mailing occurred. My address is 9735
2 | Prospect Street, Santee, CA 92071. I, served the following
3 | documents: **objection to statement of related cases,** by placing a
4 | copy thereof in a separate envelope for each addressed named
5 | hereafter, and addressed to each such addressee respectfully as
6 | follows:

9 | SAN DIEGO UNIFIED PORT DISTRICT     CITY OF CORONADO
10 | 3165 Pacific Highway                1825 Strand Way
11 | San Diego, CA 92101                 Coronado, CA 92118
12 | I, then sealed each envelope and with the postage thereon
13 | fully prepaid, deposited each in the United States mail at
14 | Santee, California on August 4th, 2008.
15 | I declare under penalty of perjury that the foregoing is true
16 | and correct. Executed on August 4th, 2008, at Santee, California.

**KARL R. MASEK**