**Gallagher v. San Diego Unified Port District, et al.**
**Case No. 08-CV-0886 IEG (RBB)**

## INDEX TO EXHIBITS

| EXHIBIT | PAGE(S) | DOCUMENT |
|---|---|---|
| 1 | 1-8 | Agenda Sheet of the Board of Port Commissioner's meeting regarding §4.36, dated August 22, 2000 |
| 2 | 9-21 | Original Ordinance 2107 (§4.36), dated August 22, 2000 |
| 3 | 22-36 | Settlement Agreement and Release of Claims dated August 8, 2000 in *Gallagher v. San Diego Unified Port District*, 98-CV-0615 J (JAH) |
| 4 | 37-41 | Third Offer of Judgment in *Gallagher v. San Diego Unified Port District*, 98-CV-0615 J (JAH), dated 11/17/00 |
| 5 | 42-43 | Plaintiff's Acceptance of Third Offer of Judgment in *Gallagher v. San Diego Unified Port District*, 98-CV-0615 J (JAH), dated 11/27/00 |
| 6 | 44-57 | UPD Code §4.38, dated June 3, 2003 |
| 7 | 58-65 | Completion Report submitted by District to the United States Army Corps of Engineers, dated May 15, 2003 |
| 8 | 66-67 | Agenda Sheet of the Board of Port Commissioner's December 6, 2005 meeting regarding the A-8 Anchorage |
| 9 | 68-71 | Minutes from the December 6, 2005 Board of Commissioner's meeting |
| -- | *72-75* | *BLANK* |
| 10 | 76-84 | Agenda Sheet of the Board of Port Commissioner's May 2, 2006 meeting regarding the A-8 Anchorage |
| 11 | 85-91 | Minutes from the May 2, 2006 Board of Commissioner's meeting |
| 12 | 92-101 | Agenda Sheet of the Board of Port Commissioner's June 6, 2006 meeting regarding the A-8 Anchorage |
| 13 | 102-105 | Minutes from June 6, 2006 Board of Port Commissioner's meeting |
| 14 | 106-116 | Agenda Sheet of the Board of Port Commissioner's September 5, 2006 meeting regarding the A-8 Anchorage |
| 15 | 117-120 | Minutes from September 5, 2006 Board of Port Commissioner's meeting |
| 16 | 121-140 | Letter to John Gallagher from Ellen Gross Miles, dated July 6, 2007 |

**Gallagher v. San Diego Unified Port District, et al.**
**Case No. 08-CV-0886 IEG (RBB)**

## INDEX TO EXHIBITS (p. 2)

| EXHIBIT | PAGE(S) | DOCUMENT |
|---------|---------|----------|
| 17 | 141-159 | Order Granting Defendants' Motion to Dismiss Without Prejudice, dated 4/4/07, in *Renard v. San Diego Unified Port District*, 06-CV-2665 H (BLM) |
| 18 | 160-196 | Plaintiff's Notice of Motion and Motion to Enforce Judgment, with accompanying documents, dated November 1, 2002, in *Gallagher v. San Diego Unified Port District*, 98-CV-0615 J (JAH) |

**EXHIBIT 16**

**Unified Port**
**of San Diego**

3165 Pacific Highway, San Diego, CA 92101
P.O. Box 120488, San Diego, CA 92112-0488
**619.686.6219** • 619.686.6444 fax
www.portofsandiego.org

July 6, 2007

John Gallagher
POB 712473
Santee, CA 92072

RE: Request for Renewal of A-9 Disabled Anchoring Permit

Dear Mr. Gallagher:

Pursuant to our meeting in the District Administration Building on July 3, 2007, I have looked into several concerns you have about your permit to anchor in the A-9 Disabled Anchorage which expired in or about January, 2007.

During the meeting, you raised the following issues:
1) You do not believe that that the terms of the settlement agreement entered into between yourself and the District contained any restrictions or limitations on the A-9 Disabled Anchorage permit given you as a result of the litigation.
2) You have not been able to renew your permit for several months.
3) You wrote several letters to the District's Mooring Office concerning the status of your permit and have received no response.

With respect to issue 1), as a part of the Third Offer of Judgment, which you accepted with the assistance of your counsel, Amy Vandeveld, and which was the basis for the settlement agreement, you agreed to abide by the requirement that "[a]ll regulations applicable to A-8 shall apply to use of the alternative Anchorage Area A-9." A copy of the Third Offer of Judgment is enclosed for your review.

Further, it is my understanding that prior to your permit expiring in or about January, 2007, you made no attempt to renew it. This is a requirement of Unified Port Code (UPD) Section 4.36(c) 11., as amended by the Board of Port Commissioners on September 5, 2006, at pertinent part as follows:

> Upon enactment of this Section 4.36, as amended, the District shall discontinue issuing Permits to anchor in the A-8 Anchorage, except for the purpose of re-issuing Permits to Vessels with current valid Permits and meeting all the requirements and conditions of this Section.



San Diego Unified Port District

Mr. John Gallagher
Re: A-9 Disabled Anchoring Permit
July 6, 2007
Page 2

This section also applies to permit holders in the A-9 Disabled Anchorage, as those permit holders are bound by the same rules which apply to the A-8 Anchorage permit holders.

In a telephone conversation today, you informed me that you were unaware of the changes to UPD Code §4.36 made in September, 2006; however, the changes were extensively publicized and several public meetings were held concerning the A-8 and A-9 Disabled Anchorages as well as amendments to UPD Code §4.36.

With regard to the issue that you have not been able to renew your permit, I believe the above sets forth the reasons for the District's refusal. You may take this letter as the District's formal refusal to renew your expired A-9 Disabled Anchoring permit at this time.

Additionally, as I told you on the telephone today, I have been unable to ascertain the existence of or obtain copies of letters written by you to the Mooring Office. It is my understanding that the office is currently being staffed with temporary help and that the main representative is out of the office until next week. I will contact the mooring office again next week to follow up on this matter.

Finally, as I also informed you today, you do have a right to appeal the District's decision to not renew your expired permit pursuant to UPD Code §4.36(m). I have enclosed a complete copy of UPD Code §4.36 and have highlighted the appeal process for your review.

If you have any further questions, please feel free to contact me at 619-686-6219.

Very truly yours,

*Ellen Gross Miles*

ELLEN GROSS MILES
Deputy Port Attorney

EGM/gg
Encs.

cc: Officer Matt Bishop, Bay Control, Harbor Police Department (w/out encls.)

1   Arlene Prater, Bar No. 67191
    Shawn D. Hagerty, Bar No. 182435
2   Alison D. Alpert, Bar No. 199257
    BEST BEST & KRIEGER LLP
3   402 WEST BROADWAY, 13ᵀᴴ FLOOR
    SAN DIEGO, CALIFORNIA 92101-3542
4   TELEPHONE: (619) 525-1300
    TELECOPIER: (619) 233-6118
5
    Ellen Faye Gross, Bar No. 149127
6   Deputy Port Attorney
    SAN DIEGO UNIFIED PORT DISTRICT
7   POST OFFICE BOX 120488
    TELEPHONE (619) 686-6219
8   TELECOPIER (619) 686-6444

9   Attorneys for Defendant
    SAN DIEGO UNIFIED PORT DISTRICT
10

11              UNITED STATES DISTRICT COURT

12          SOUTHERN DISTRICT OF CALIFORNIA

13

14   JOHN GALLAGHER, for himself and    | Case No.  98 CV 0615 J (JAH)
     on behalf of others similarly
15   situated,                          | THIRD OFFER OF JUDGMENT

16                  Plaintiff,          | [FRCP 68]

17       v.

18   SAN DIEGO UNIFIED PORT DISTRICT
     and DOES 1 through 20,
19   Inclusive,

20                  Defendant.

21

22

23

24

25

26

27

28

SDLIT\SXH\239763          EXHIBIT  A
                                   ─
                                   3

LAW OFFICES
BEST BEST & KRIEGER
402 WEST BROADWAY, 13TH FLOOR
SAN DIEGO, CALIFORNIA 92101-3542

1    Defendant San Diego Unified Port District ("Port District")
2  hereby offers to allow entry of judgment pursuant to Rule 68 of the
3  Federal Rules of Civil Procedure in favor of Plaintiff John
4  Gallagher, for himself and on behalf of others similarly situated
5  ("Plaintiff"), as follows:

6

7    1.    The Port District shall designate Anchorage Area A-9 (the
8  "Cruiser Anchorage") as an alternative free, long-term anchorage
9  area for qualified individuals with a disability who, because of
10 that disability, are unable to use Anchorage Area A-8 and who seek
11 a reasonable accommodation in the Port District's anchorage and
12 mooring regulations. All regulations applicable to A-8 shall apply
13 to the use of the alternative Anchorage Area A-9.

14

15    2.    The Port District shall issue a permit to Plaintiff John
16 Gallagher to anchor in Anchorage Area A-9 as an alternative free,
17 long-term anchorage area, subject to all the regulations applicable
18 to A-8.  In addition, the Port District shall, on a ministerial
19 basis, issue up to three additional permits to anchor in A-9 to
20 persons who demonstrate that they are qualified individuals with a
21 disability who, because of that disability, are unable to use
22 Anchorage Area A-8 and who seek to use A-9 as a reasonable
23 accommodation to A-8. The Port District shall use its best efforts
24 to make the portion of A-9 that is closest to the dinghy dock at
25 the foot of Laurel Street (i.e., the eastern portion of A-9)
26 available to persons with disabilities who receive a permit to use
27 A-9.

28

LAW OFFICE
BEST BEST & KRIEGER LLP
402 WEST BROADWAY, 13TH FLOOR
SAN DIEGO, CALIFORNIA 92101-3542

EXHIBIT  $\frac{A}{4}$

SDLIT\SXH\239785                                    -2-

1      3.    The  Port  District  shall  also  appoint  the  Executive

2  Director  or  his  or  her  designee  to  consider  and  act  upon  any

3  written  requests  for  a  reasonable  accommodation  from  persons  with

4  a  disability  who  seek  an  accommodation  in  the  Port  District's

5  anchorage  and  mooring  regulations  and  who  cannot  be  accommodated  by

6  the  use  of  A-9  or  who  are  unable  to  obtain  one  of  the  four  permits

7  to  use  A-9.   Prior  to  acting  on  the  written  request,  the  Executive

8  Director  or  his  or  her  designee  shall  engage  in  a  reasonable

9  accommodation  interactive  process  with  the  applicant.   Thereafter,

10  the  Executive  Director  or  his  or  her  designee  shall  make  a

11  decision  on  the  written  request,  taking  into  account  all  factors

12  that  are  permitted  under  the  Americans  with  Disabilities  Act,

13  including,  without  limitation,  whether  the  request  constitutes  a

14  reasonable  accommodation  or  a  fundamental  alteration  in  the  Port

15  District's  service,  program  or  activity.   The  financial  impact  of

16  any  proposed  accommodation  shall  also  be  assessed.   In  acting  upon

17  the  written  request,  the  Executive  Director  or  his  or  her  designee

18  may  issue  additional  permits  to  anchor  in  A-9.

19

20      4.    Court  costs  and  reasonable  attorney  fees  incurred  by

21  Plaintiff  in  connection  with  this  "Anchoring  Claim,"  as  the

22

23

24

25

26

27

28

LAW OFFICI  F
BEST  BEST & KRIEGER LLP
402 WEST BROADWAY, 13TH FLOOR
SAN DIEGO, CALIFORNIA  92101-3542

EXHIBIT  $\frac{A}{5}$

1  "Anchoring Claim" is defined in the May 2000 Settlement Agreement,

2  from May 1, 2000 to November 17, 2000.

3

4  Dated: November 17, 2000          BEST BEST & KRIEGER LLP

5

6                                     By: _____

7                                          Shawn D. Hagerty
                                           Attorneys for Defendant
8                                          SAN DIEGO UNIFIED PORT
                                           DISTRICT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                      EXHIBIT $\frac{A}{6}$

                                     -4-

                                              98 CV 0615 J (JAH)
                                              OFFER OF JUDGMENT

SDLIT\SXH\229785

I hereby certify that the within is a true and correct copy of the original document filed in the Office of the District Clerk of the San Diego Unified Port District.

By: _____ Date: _2/15/07_ No. Pages: _13_

Carol J. Lucke

Director, Corporate Services/Deputy District Clerk

## SEC. 4.36 - REGULATION OF VESSELS - A-8 ANCHORAGE

(a) <u>Purpose</u>

California law (San Diego Unified Port District Act, Harbors and Navigation Code, Appendix 1) requires the Board of Port Commissioners to regulate and control the anchoring, mooring, towing and docking of vessels, and to make and enforce all necessary rules and regulations governing the use and control of navigable waters within the District. The purpose of this Section of the San Diego Unified Port District Code is to implement that responsibility within the A-8 Anchorage.

(b) <u>Definitions</u>

Certain words and phrases used herein are defined as follows, unless the context requires a different meaning:

1. <u>A-8 Anchorage</u> - In Center San Diego Bay, the Sweetwater Anchorage, the water enclosed by a line beginning at latitude 32°39'12.2" N., longitude 117°07'45.1" W.; thence easterly to latitude 32°39'12.2" N., longitude 117°07'30.1" W.; thence southerly to latitude 32°38'45.2" N., longitude 117°07'30.1" W.; thence westerly to latitude 32°38'45.2' N., longitude 117°07'45.1" W.; thence northerly to the point of beginning.

2. <u>Abandonment</u> - Any hulk, derelict, wreck or parts of any ship, Vessel, or other watercraft, sunk, beached or

SEC. 4.36 (cont.)

allowed to remain in an unseaworthy or dilapidated condition upon publicly owned submerged lands, salt marsh, or tidelands for a period longer than Thirty (30) days without a watchman or other person being maintained upon or near and in charge of the property, as defined in Section 522 of the Harbors and Navigation Code.

3.  Anchorage - Any portion of the A-8 Anchorage which has been designated by competent authority for the anchoring of Vessels.

4.  Anchoring - Attachment of a Vessel or structure to the bottom or the shore of San Diego Bay using an anchor and proper ground tackle or by any other means.

5.  Anchoring Permit - A document conferring the right to use an anchor in the A-8 Anchorage for a prescribed period.

6.  Applicant - Individual applying for an Anchoring Permit to anchor in the A-8 Anchorage.

7.  Caretaker - Has the same meaning as watchman and is an individual who has been designated by a boat owner, in writing, to act in the owner's absence; Caretaker information shall be contained in the Anchoring Permit Application file.

SEC. 4.36 (cont.)

8. <u>District</u> - The San Diego Unified Port District.

9. <u>Executive Director</u> - Executive Director of the San Diego Unified Port District.

10. <u>Harmful Substances</u> - Solid or liquid or gaseous material which may cause harm to or pollute the inland waters.

11. <u>Hearing Officer</u> - Person designated by the Executive Director to hear testimony and receive evidence regarding an Anchoring Permit refusal or revocation.

12. <u>High Seas</u> - Those waters outside of San Diego Bay beyond an imaginary line between Zuniga Jetty Light "Z" and the Point Loma Light.

13. <u>Major Repair</u> - Includes without limitation the use of welding or burning equipment, spray painting on the exterior of a Vessel, exterior sandblasting and any work beyond repair or replacement of electrical equipment, mechanical or hydraulic components or repair and adjustment to machinery which remains onboard the Vessel.

14. <u>Marine Sanitation Device</u> - Any equipment on board a Vessel which is designed to receive, retain, treat, or discharge sewage, and any process to treat the sewage.

SEC. 4.36 (cont.)

15.     Permittee - person who has acquired an Anchoring Permit from the District to anchor in the A-8 Anchorage.

16.     Propulsion System - A system which is designed to propel a Vessel through the water through the use of sail or mechanical power.

17.     Seaworthy - Describes a Vessel in good material condition which is not likely to sink or become a menace to navigation or a nuisance, and which is capable of getting underway and navigating upon the High Seas.

18.     Sewage - Human body waste, either treated or untreated.

19.     Vessel - A watercraft designed to float upon the surface of a body of water for the purpose of transporting persons or property.

20.     Waste - Sewage and all other waste or substances associated with human habitation; or of human or animal waste.

(c)     Anchoring Permits

1.     No person (including the owner, master, operator, caretaker or person in possession of a Vessel) shall anchor a Vessel in the A-8 Anchorage without first having

Article 4 - Sec. 4.36 - Page 4 of 13

SEC. 4.36 (cont.)

secured an Anchoring Permit from the District in the form and manner provided therefor.

2.  For an Anchoring Permit to be issued, the following must be satisfied: verification of ownership, verification of registration; names of all persons using, possessing or controlling the Vessel; an inspection confirming its seaworthiness, Marine Sanitation Device, waste containers, safety and fire suppression equipment and other safety and health-related equipment as required by existing laws.

3.  Vessels must have a propulsion system and operate under their own power to the District approved inspection site.

4.  The Vessel's bilges must be petroleum free.

5.  The Anchoring Permit will be valid for Six (6) Months from the date of issue. Re-inspection of the Vessel will be required upon renewal of the Anchoring Permit and the Vessel inspection will be at a site determined by District.

6.  Permittees and other persons using, possessing or controlling the Vessel as named in the Permit shall use pumpout facilities on a regular basis or otherwise discharge human waste in a legal manner.

SEC. 4.36 (cont.)

7.      Each Permittee shall maintain a log relative to the use of pumpout facilities. The log shall contain the date, time and location waste was discharged. The discharge log shall be available for inspection by Harbor Police personnel at all reasonable hours and upon request. The log shall be submitted to Harbor Police in conjunction with any application for renewal of a Permit.

8.      The District shall accept proof of successful completion of a United States Coast Guard Auxiliary Courtesy Marine Examination as evidence of fulfilling the requirements as set forth in Section 2 through 4, above.

9.      The Applicant shall provide a security deposit in the amount of Two Thousand Five Hundred Dollars ($2,500.00). All or part of the security deposit shall be forfeited to the District for any expense incurred as a result of damage to District property or for towing and storage related services. The security deposit will otherwise be refunded upon the expiration or revocation of a permit and the Vessel has been removed from the anchorage.

10.      Anchoring permits will be limited to One (1) Vessel per Applicant. Any owner having more than One (1) permitted Vessel in the Anchorage, prior to the enactment of

SEC. 4.36 (cont.)

this Section 4.36, as amended, shall have One Hundred Eighty (180) days from the date of enactment of this Section 4.36, as amended, to comply with this Section.

11.    Upon enactment of this Section 4.36, as amended, the District shall discontinue issuing Permits to anchor in the A-8 Anchorage, except for the purpose of re-issuing Permits to Vessels with current, valid Permits and meeting all the requirements and conditions of this Section. The District may require the relocation of any Vessel within the Anchorage to another Anchorage within the Bay for the purpose of reconfiguration or elimination of the existing Anchorage.

(d)    Anchoring Purposes Only

An Anchoring Permit shall authorize the holder thereof to anchor within the boundaries of the A-8 Anchorage.

(e)    Refusal to Issue and/or Revocation of Anchoring Permit

District shall have the right at all times to refuse to issue, reissue or revoke an Anchoring Permit to any Vessel if it determines that the Vessel fails to meet any condition of this Section 4.36, as amended, is not seaworthy, properly maintained, or presents a danger to public safety, the District's property, other Vessels or the property of another, or if the Permittee, or any other person using, possessing or controlling the Vessel fails to comply with any Federal, State, or local laws, or any terms and conditions of the Anchoring

Article 4 - Sec. 4.36 - Page 7 of 13

SEC. 4.36 (cont.)

Permit, or if the Permittee, or any other person using, possessing or controlling the Vessel has any outstanding fees or charges owed to the District for damage to District property, towing and storage of a Vessel, or failing to remove any derelict, beached, sunken or partially sunken Vessel, or causing the Abandonment of a Vessel.

(f)    Ground Tackle

Ground tackle shall be provided by the Permittee and shall be of sufficient number, strength, and size to insure that Vessels remain securely anchored under all conditions.

(g)    Vessel Inspection

As a condition to receiving or maintaining an Anchoring Permit, the District may inspect any Vessel anchored, moored or requesting anchorage in the A-8 Anchorage for proper safety, sanitary, mechanical, or other devices or equipment as may be prescribed by law. The inspection may include the placing of dye tablets into the Vessels Marine Sanitation Device, and to perform a test or tests to ensure that the Marine Sanitation Device is in such a condition as to prevent any contaminants from being discharged into the Bay and that every Vessel with a toilet complies with Federal standards for Marine Sanitation Devices. Refusal to allow a Vessel inspection or testing of a Marine Sanitation Device is grounds for refusal to issue, or revocation of, an Anchoring Permit.

SEC. 4.36 (cont.)

(h)   Refuse

Pursuant to Fish & Game Code Sections 5650 through 5655, no person shall throw, discharge or deposit from any Vessel or from the shore or float, or in any other manner, any refuse matter, sewage, waste, fish parts, polluted bilge water, or garbage of any kind whatsoever into or upon the water of the A-8 Anchorage or any waters within the boundaries of the harbor.

1.   No person shall dump or discharge oil, spirits, Harmful Substances, flammable liquid or polluted bilge water into the A-8 Anchorage.

(i)   Major Repairs or Servicing of Vessels Prohibited

1.   Major repairs or servicing of a Vessel in A-8 Anchorage is prohibited except upon the prior written authorization of the District. Vessel maintenance work shall be limited to that required to maintain a Vessel in seaworthy and in operable condition.

2.   No person shall engage in exterior spray painting in the A-8 Anchorage except as authorized, in writing, by the District.

3.   If it is necessary to perform work onboard a Vessel involving the use of welding or burning equipment, the person intending to use welding or burning onboard a Vessel shall notify the District of the nature and extent of the proposed

Article 4 - Sec. 4.36 - Page 9 of 13

SEC. 4.36 (cont.)

work, the workman or company doing the work and the date

and time the work shall be performed. This notice shall be

given before the start of work and whenever practical, at least

One (1) day before the work is to be performed. All such work

of welding or burning shall be performed only at an appropriate

location as specified by the District. No person shall engage in

such work in the A-8 Anchorage except as authorized, in

writing, by the District.

(j)     Uses Prohibited

1.      No business or commercial enterprise shall be

conducted at the A-8 Anchorage.

2.      No barges and floating docks shall be allowed to

moor or anchor at the A-8 Anchorage.

3.      No Vessel more than Sixty Five (65) feet in length

shall be allowed to moor without a special permit issued by

District.

4.      All construction materials, refuse, spare parts,

surplus equipment or any other such material not needed for

the direct operation of the Vessel or the reasonable

accommodation of the crew or passengers of the Vessel shall be

stored within an enclosed space on the Vessel.

SEC. 4.36 (cont.)

    (k)    Abandonment of Vessel

        1.     Pursuant to Harbors and Navigation Code Section 522 et seq., no Vessel shall be left in A-8 Anchorage with the intent to abandon such Vessel, and if any Vessel is abandoned, in addition to other legal remedies available to it, the District will have the right to tow and store or demolish the Vessel at the expense of the owner.

    (l)    Enforcement

The Executive Director or his or her designee shall have the authority to enforce the provisions of this Section and all lawful regulations and laws affecting the A-8 Anchorage.

    (m)    Applicant's or Permittee's Right of Appeal

        1.     If the District refuses to issue an Anchoring Permit, as described in Section (e), above, and Applicant for such Anchoring Permit believes he/she satisfies all conditions for the issuance of an Anchoring Permit, Applicant may appeal, in writing, to the Executive Director within Ten (10) calendar days of the date of refusal. The appeal should contain all reasons why Applicant believes he/she satisfies all conditions for the issuance of said Anchoring Permit.

SEC. 4.36 (cont.)

2.    If the District revokes an Anchoring Permit as described in Section (f), above, Permittee may appeal such revocation, in writing, to the Executive Director within Ten (10) calendar days of the date of revocation. The appeal should contain all reasons why Permittee believes the revocation of the Anchoring Permit to be improper.

3.    If the Permittee or Applicant desires a hearing on the refusal or revocation, the letter to the Executive Director must so state.

4.    The Executive Director or his or her designee shall refer any appeal to a hearing officer who, within Ten (10) calendar days of the hearing officers' receipt of the appeal, shall issue a written decision or a hearing date, if one has been requested.

5.    If a hearing is requested, a date for the hearing shall be scheduled within Fifteen (15) calendar days of the date of receipt of the appeal. The decision of the hearing officer is final.

6.    If no hearing is requested, the written decision of the Executive Director or his designated representative is final.

SEC. 4.36 (cont.)

    (n)    Invalidity

If any section, subsection, sentence, clause, phrase or portion of this

Section 4.36 is held invalid or unconstitutional for any reason by any court of

competent jurisdiction, such section, subsection, sentence, clause, phrase or

portion shall be deemed a separate, distinct, and independent provision and

such holding shall not affect the validity of the remaining portions.

(Enacted August 22, 2000 - Ordinance 2107)
(Amended March 9, 2004 - Ordinance 2286)
(Amended September 5, 2006 - Ordinance 2413)