Steven E. Boehmer (#144817)
Carrie L. Mitchell (#221845)
McDOUGAL, LOVE, ECKIS,
SMITH, BOEHMER & FOLEY
460 North Magnolia Avenue
El Cajon, California 92020
(619) 440-4444/Fax (619) 440-4907

Attorneys for Defendant: CITY OF CORONADO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GALLAGHER,<br><br>    Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED PORT DISTRICT; CITY OF CORONADO, and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 08-CV-0886 IEG (RBB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6), OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br>Date: September 15, 2008<br>Time: 10:30 a.m.<br>Honorable Irma E. Gonzalez<br>Courtroom: 1 |

Defendant, City of Coronado ("City"), respectfully submits the following points and authorities in support of its motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), or alternatively, for a more definite statement pursuant to Federal Rules of Civil Procedure 12(e).

## I.

## INTRODUCTION

Plaintiff brings this action against San Diego Unified Port District and the City. Plaintiff, however, fails to identify the City as a party (other than in the caption and on the summons), fails to allege any factual allegations against the City, fails to name the City in any of the causes of

action, and fails to seek any relief whatsoever against the City.

The City, therefore, requests that the Court dismiss the complaint against it in its entirety, or in the alternative, require plaintiff to provide a more definite statement.

## II.

## PLAINTIFF'S ENTIRE COMPLAINT AGAINST THE CITY SHOULD BE DISMISSED.

Federal Rules of Civil Procedure, Rule 12(b)(6) provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> . . . .
>
> (6) failure to state a claim upon which relief can be granted . . . .

(Fed. R. Civ. Pro. 12(b)(6).)

A complaint may be dismissed pursuant to Rule 12(b)(6) where the complaint either asserts a legal theory that is not cognizable as a matter of law or fails to allege facts to sufficiently support a cognizable legal claim. (*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).) In deciding a motion to dismiss, the court should take all allegations of material fact in the complaint as true and construed in the light most favorable to the plaintiff. (*North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).)

Plaintiff's complaint fails to assert any cause of action against the City and fails to make any allegation of material fact against the City. All causes of action are directed against the San Diego Unified Port District, a separate entity. No relief is sought by the plaintiff against the City. As such, the complaint fails to assert a legal cognizable legal theory against the City as a matter of law, and the complaint against the City should be dismissed in its entirety.

///

///

///

## III.

## ALTERNATIVELY, PLAINTIFFF SHOULD BE REQUIRED TO PREPARE A MORE DEFINITE STATEMENT

Federal Rules of Civil Procedure, Rule 12(e) states, in part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

(Fed. R. Civ. Proc. 12(e).)

Rule 12(e) of the Federal Rules of Civil Procedure permits a party to "move for a more definite statement" if an answer to the pleading is precluded by vagueness or ambiguity." (Fed. R.Civ. Pro. 12(e).)

To state a claim for relief, Federal Rules of Civil Procedure, Rule 8 requires that a complaint set forth "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (Fed. R.Civ. Proc. 8; *see also*, *Arnold v. Board of Education*, 880 F.2d 305, 309 (11th Cir. 1989).) The pleading must set forth the acts of each individual defendant in order for a defendant to be able to frame its responses and defenses. (*Friedman v. Younger*, 46 F.R.D. 444, 446 (C.D.Cal.1969)*.*)

If the Court is not inclined to dismiss plaintiff's complaint at this time, the plaintiff should be required to amend the complaint to set forth allegations against this defendant so that it will be given fair notice of what plaintiff's claims are against it and the grounds upon which the claims rest.

## IV.

## CONCLUSION

For the foregoing reasons, the City of Coronado requests that the Court dismiss the complaint in its entirety against it, or, in the alternative, require plaintiff to provide a more

/ / /

/ / /

/ / /

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

1 | definite statement of its claims against the City.

3 | DATED: August 7, 2008

McDOUGAL, LOVE, ECKIS,
SMITH, BOEHMER & FOLEY

By: /s/ Carrie Mitchell
Steven E. Boehmer
Carrie L. Mitchell
Attorneys for Defendant: CITY OF CORONADO