

John Gallagher
P.O. Box 712473
Santee, CA 92072
Telephone: (619) 379-8279

FILED
08 SEP -2 PM 2:39
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GALLAGHER<br><br>Plaintiff<br><br>vs.<br><br>SAN DIEGO UNIFIED PORT DISTRICT, CITY OF CORONADO et al., DOES 1 THROUGH 20<br><br>Defendant | Case No. 08-cv-0886 IEG (RBB)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; OBJECTION TO REQUEST FOR JUDICIAL NOTICE**<br><br>Date: 9-15-08<br>Time: 10:30 a.m.<br>Dept: Judge Gonzalez |

## I

### BASIC PRINCIPLES RULE 12(b)(6) MOTION TO DISMISS

Defendant Port District and City of Coronado have filed motions to dismiss pursuant to Federal Rules of Civil Procedure

12(b)(6), referencing "failure to state a claim upon which relief may be granted". Under this provision, the moving party must establish "beyond doubt that the plaintiff can prove no set of facts in support of his claim(that)would entitle him to relief". <u>Conley v. Gibson</u>,(1957) 355 U.S. 41, 45-46; <u>Terracom v. Valley NAT. Bank</u>,(9th Cir.1995) 49 F.3d 555, 558, In this context, the Court must accept plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor <u>Hoover v. Ronwin</u>,(1984) 466 U.S. 558, 565-66; <u>U.S. v. LSL Biotechnologies</u>,(9th Cir.2004) 379 F.3d 672, 698.

It is further held that in deciding the motion the court may consider only the facts alleged in the pleading and documents attached in the exhibits, and matters to which the court may take judicial notice <u>In Re Immune Response Securities Litigation</u>,(S.D.Cal.2005) 375 F.Supp.2d 983; <u>Lovelace v. Software Spectrum Inc.</u>,(5th Cir.1996) 78 F.3d 1015, 1017-18, The judicial notice aspect of the rule is discussed in Section II, infra.

## II

### OBJECTION TO REQUEST FOR JUDICIAL NOTICE

Federal Rules of Evidence 201 permits the court to take judicial notice of "adjudicative facts" <u>if</u> the alleged fact is one not subject to reasonable doubt because 1) it is generally known within the territorial jurisdiction of the court, or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. An instructive case in this area is <u>In Re Immune Response Securities Litigation</u>, (S.D.Cal.2005) 375 F.Supp.2d 983. In that matter,

the Court refused to take judicial notice of documents proffered by defendant in connection with a rule 12(b)(6) motion. The Court noted that "none of the opposed documents are central to, or form the basis of, plaintiff's claim". Moreover, the complaint does not extensively refer to any of them; nor did plaintiff's claim necessarily rely on them", citing U.S. v. Ritchie, (9th Cir.2003) 342 F.3d 903, 908.

The Court further noted that "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegation under rule 12(b)(6)", citing Lee v. City of Los Angeles, (9th Cir.2001) 250 F.3d 668, 688. Accordingly, the court rejected judicial notice because 1) "granting the defendant's request would turn the proceedings into a summary judgment motion without invoking the normal consequences", and 2) consideration of the exhibits encourages a weighing of factual disputes; a process that is improper on a motion to dismiss". Immune Response, supra, at 995.

Applying these principles to the instant case, defendant port district has sought judicial notice of 18 exhibits, and plaintiff objects as to exhibit 1, 7-15, 17-18. Exhibits 1, and 7-15 comprise various documents associated with port consideration of anchorages in San Diego Bay. For example, exhibit 12 consists of a report of staff recommendations regarding A-8 anchorage. It is uncertain what "adjudicative facts" are intended by this reference, but there is no basis in the document to credit the factual truth of its content, resting as it is on "data obtained through staff analysis", and "assumptions" allegedly made by staff.

Another example, exhibit 7, consist of a "completion report" For assessable boat docks, apparently submitted to the U.S. Army Corps of engineers. This document makes factual assertions of actions in compliance which assume no magical indicia of accuracy simply because the report says so. All of the exhibits objected to contain the same problem, i.e., that constitute statements of actions which are not above dispute, as required by rule of evidence 201.

In particular, plaintiff objects to the request for judicial notice as to exhibit 17, a ruling by the Honorable Marilyn L. Huff, District Court Judge, in a case entitled "Renard v. San Diego Unified Port District", Southern District case no. 06-cv-2665-H. While the opinion indicates that the Renard litigation involved theories of liability regarding disabled access to anchorage in San Diego Bay, defendant cites no basis to conclude that the litigation, and the facts surrounding it, are in any way binding upon this Court. The ruling itself, at page 5, notes that while a court make take judicial notice of the existence of a court opinion, such notice does not extend to "the truth of the facts recited therein", citing Lee v. City of Los Angeles, (9th Cir.2001) 250 F.3d 668, 689.

## III

## SUBSTANTIVE CONTENTIONS RE DISMISSAL

The allegations of plaintiff's complaint (paras. 4-6, 9-12, 20-21) and the documents submitted by the parties for judicial notice, establish the following factual setting of the present action: This case originated in prior litigation in Southern District case 98-cv-0615-J, entitled "Gallagher v. San Diego Unified Port District." That matter involved an ADA claim regarding boat anchorages in San Diego Bay. The litigation culminated in November 2000 with plaintiff's acceptance of a third offer of judgment from defendant Port District. (Defendant's exhibits, Bates no. 182 et seq.) That offer of judgment stated, in part, that "the Port District shall designate anchorage area A-9 . . . as an alternative, free long term anchorage for qualified individuals with a disability . . . ." The offer further stated that "the Port District shall issue a permit to plaintiff John Gallagher to anchor in Anchorage area A-9 as an alternative free, long term anchorage area, subject to all the regulations applicable to A-8." (Defendant's Exhibit, Bates no. 184) In 2002, plaintiff filed a motion to enforce the above referenced judgment. (Defendant's Exhibits, Bates no. 164) At that time, defendant Port District filed an opposition memorandum (plaintiff's request for judicial notice, Ex. A, page 4) which noted that plaintiff received a permit for an A-9 anchorage, and that "the permit does not expire, subject to annual inspection for seaworthiness and sanitation which is required of permitees in the A-8 anchorage."

The present complaint alleges that on August 24, 2006, defendant Port District issued plaintiff an ADA anchorage permit. Two days later, on August 26, 2006, plaintiff sustained vandalism damage to his vessel which precluded his use of the permit, a fact which plaintiff communicated to defendant Port District. In January 2007, plaintiff made several fruitless contacts with defendant, seeking to renew his permit. These communications were ignored. On July 6, 2007, counsel for defendant sent a letter to plaintiff denying renewal of its anchorage permit citing an amendment to the ordinance governing anchorage A-8 in September 2006, whereby the District "shall discontinue issuing permits to anchor in the A-8 anchorage, except for the purpose of reissuing permits to vessels with <u>current valid permits</u> . . . ." (Defendant's Exhibit 16) Counsel stated an intent to "follow up" with plaintiff's contention that he attempted to renew the permit in

1  January 2007.

2  Defendant Port's initial argument asserts that ". . . the District's elimination of the A-8
3  anchorage as a free, long term anchorage does not discriminate against plaintiff due to his disability.
4  . . ." (Opp. memo, page 1) Plaintiff disagrees. 42 U.S.C. §12132 prohibits discrimination on the
5  basis of disability by public entities. It provides that no disabled person shall "be excluded from
6  participation in or be denied the benefits of the services, programs and activities of a public entity,
7  or be subjected to discrimination by any such entity." 28 CFR section 35.130 is an enabling
8  regulation relative to disability discrimination. Among other provisions, the regulation prohibits the
9  entity from providing an aid, benefit or service that is not as effective in affording an equal
10 opportunity to obtain the same result as that provided to others. Section 35.130(b)(1)(iii). In
11 addition, the regulation provides that the entity "shall make reasonable modifications in policies,
12 practices or procedures when the modifications are necessary to avoid discrimination on the basis
13 of disability. . . ." Section 35.130(7). The Port District postulates that there can be no
14 discrimination against plaintiff because its ordinance "eliminated" free anchorage in A-8 as it
15 controls anchorage A-9. This argument ignores the fact that such anchorages were not eliminated
16 but continued for permittees who already had valid permits. (Defendant's Exhibit 16, letter of
17 counsel to defendant.) Moreover, the purported elimination of <u>disabled</u> anchorages in A-9
18 disproportionally affected disabled persons more than non-disabled persons who can utilize other
19 anchorages in San Diego Bay. See <u>Crowder v. Kitagawa</u>, 81 F.3d 1480, 1484 (9th Cir. 1996). In
20 addition, plaintiff's loss of anchorage occurred in the context of an ignored attempt by him to attain
21 renewal of his permit. Finally, the state of facts herein discloses a violation of the "reasonable
22 modification" provisions of Regulation 35.130. In this context, it is held that "a plaintiff need not
23 allege either disparate treatment or disparate impact in order to state a reasonable accommodation
24 claim." <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1266 (9th Cir. 2004). That is, "the purpose of
25 the ADA's reasonable accommodation requirement is to guard against the facade of 'equal
26 treatment' when particular accommodations are necessary to level the playing field." <u>McGary</u> supra,
27 at 1267. Such is the case herein, where defendant Port District settled prior litigation with plaintiff
28 by issuing a free, long-term permit to ADA anchorage A-9. Defense counsel's assertion in a

pleading related to that settlement that "the permit does not expire...." (Plaintiff's request for judicial notice), constitutes an <u>admission</u> by the defendant of the fact stated. Federal Rule of Evidence 801(d)(2); <u>Purgess v. Sharrock</u>, 33 F.3d 134, 144 (9th Cir. 1994). For the foregoing reasons, plaintiff respectfully submits that defendant has not met the standards for dismissal cited previously herein.

With respect to plaintiff's Fourth Cause of Action for violation of State statutes, defendant Port relies solely upon generalized assertions of fact which have no place in the resolution of the dismissal motion.

## IV

## DISMISSAL MOTION BY THE CITY OF CORONADO

The City's motion rests upon the contention that "plaintiff's complaint fails to assert any cause of action against the City and fails to make any allegation of material fact against the City." (Motion, page 2) In fact, paragraph 12 of the complaint asserts that the Port District and the City have continued to do nothing in regard to ADA accommodations, or access to boat ramps and dock ramps within ADA anchorage 9 and the City of Coronado. These factual allegations are incorporated into the ensuing causes of action.

## V

## THE ISSUE OF AMENDMENT

The Port District motion to dismiss seeks dismissal without leave to amend. Plaintiff suggests that defendant has not demonstrated a basis to dismiss in the current motion, and further suggests that if the Court determines that further clarification of plaintiff's claims is appropriate, leave to amend should be granted by the Court.

Date: September 2, 2008            Respectfully submitted,

                                   _____
                                   JOHN GALLAGHER, in propria persona

- 7 -

## PROOF OF SERVICE BY MAIL

I declare as follows:

I am over eighteen years of age and not a party to the within action; my business address is 550 West C Street, San Diego, California; I am employed in San Diego County, California.

On September 2, 2008, I served a copy of the within **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; OBJECTION TO REQUEST FOR JUDICIAL NOTICE** on the interested parties in the within action by placing a true copy thereof enclosed in a sealed envelope, with postage fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

| | |
|---|---|
| Steven Boehmer, Esq.<br>460 North Magnolia Avenue<br>El Cajon, CA 92020<br>Attorney for City of Coronado | Ellen Gross Miles<br>3165 Pacific Highway<br>San Diego, CA 92101<br>Attorney for Port District |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 2, 2008, at San Diego, California.

_____
[signature]