**SAN DIEGO UNIFIED PORT DISTRICT**
**DUANE E. BENNETT, ESQ. (SBN 110202)**
**PORT ATTORNEY**
**ELLEN GROSS MILES, ESQ. (SBN 149127)**
**DEPUTY PORT ATTORNEY**
**3165 Pacific Highway**
**P.O. Box 120488**
**San Diego, CA 92112-0488**
**Phone:     (619) 686-6219**
**Fax:         (619) 686-6444**

Attorneys for Defendant,
SAN DIEGO UNIFIED PORT DISTRICT

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN GALLAGHER,<br><br>           Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED PORT DISTRICT,<br>CITY OF CORONADO, and DOES 1<br>through 20, inclusive,<br><br>           Defendants. | Case No. 08-CV-0886 IEG (RBB)<br><br>**DEFENDANT SAN DIEGO UNIFIED PORT DISTRICT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**<br><br>Date:   September 15, 2008<br>Time:   10:30 a.m.<br>Honorable Irma E. Gonzalez<br>Courtroom 1 |

Defendant, SAN DIEGO UNIFIED PORT DISTRICT, (District) offers the following reply to plaintiff's opposition filed to its motion to dismiss the complaint as follows:

**INTRODUCTION**

The majority of plaintiff's opposition is spent objecting to the District's request that this Court take judicial notice of several documents relating to the District's establishment and regulation of the A-8 and A-9 Disabled Anchorages. He further objects to the District's citation to the recent case of *Renard v. San Diego Unified Port District*, United States District Court Case No. 06-CV-2665H(BLM) because he claims it has no "binding" effect on this Court. Plaintiff claims that the motion to dismiss should be denied because there are factual

disputes regarding his claim that the District's failure to renew his permit to anchor in the A-9 Disabled Anchorage somehow violated his constitutional rights and the Americans with Disabilities Act (ADA). Plaintiff is incorrect. The District's motion seeks to dismiss the complaint because as a matter of law, plaintiff has no cause of action, because he has no constitutional right to free long term anchoring. As such, plaintiff can plead no facts entitling him to the relief he seeks and his complaint should be dismissed without leave to amend.

## POINTS AND AUTHORITIES
## AND ARGUMENT

### I.

### THE COURT MAY TAKE JUDICIAL NOTICE OF THE DOCUMENTS SUBMITTED BY THE DISTRICT

The District submitted several public records regarding the establishment and on-going regulation of the A-8 and A-9 Disabled Anchorages and the state of the District's code pertaining to anchoring. Many of the documents contain information which contradicts allegations in the complaint. This Court need not accept as true allegations in a complaint that contradict facts which may be judicially noticed by the Court. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). Plaintiff herein is complaining that the District's anchoring ordinances discriminate against him because he is disabled. The existence of the documents submitted by the District contradict these allegations. Plaintiff claims that the denial of his permit because it expired constitutes discrimination against him based upon his disability. Exhibit "16" contradicts this. All the documents submitted by the District are public records. A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689, citing, *MGIC Indem. Corp. v. Weismann*, 803 F2d 500, 504 (9th Cir. 1986). In *Lee*, the court found that the District Court improperly considered declarations submitted as part of a motion to dismiss. This is not the case here. Therefore, plaintiff's objections to the matters submitted to this Court for judicial notice as matters of public record should be overruled.

///

**II.**

**THIS COURT MAY RELY UPON THE DISTRICT COURT'S RULING IN THE *RENARD* CASE AS PERSUASIVE AUTHORITY**

Plaintiff claims that Judge Huff's ruling in *Renard v. San Diego Unified Port District*, *supra*, should not be binding on this Court. While it is not binding, it is highly persuasive given that the facts are identical to this case and involve the identical issues and laws, including the interpretation of relevant Unified Port District (UPD) Code sections. Further, *Fed. R. App. Proc.* 32.1 states as follows

> (a) Citation Permitted. A court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been:
> (i) designated as "unpublished," "not for publication," "non-precedential," "not precedent," or the like; and
> (ii) issued on or after January 1, 2007.
>
> (b) Copies Required. If a party cites a federal judicial opinion, order, judgment, or other written disposition that is not available in a publicly accessible electronic database, the party must file and serve a copy of that opinion, order, judgment, or disposition with the brief or other paper in which it is cited.

Further, at least one court has approved the citation of precedential opinions in accordance with this rule, see, e.g., *Saunders v. Equifax Info. Servs., LLC*, 469 F. Supp. 343.

In this case, the *Renard* opinion should be given precedential value due to the similarities between the two cases as noted above. Plaintiff and Renard are both disabled vessel owners who were both given permits to anchor in the A-9 Disabled Anchorage as a result of lawsuits against the District. Both alleged that their permits to anchor were for an indefinite period of time and that the District's elimination of free long term anchoring in the A-8 and A-9 Disabled Anchorages violated their constitutional rights (namely, the Fourth, Fifth and Fourteenth Amendments) as well as the ADA. The only difference is that plaintiff's permit in this case expired because he did not renew it in time, while Renard's was still

///

///

permitted because he kept renewing them in a timely manner but challenged the ultimate loss of his permit due the District's decision to eliminate free long term anchoring in San Diego Bay for all boaters.

### III.

### PLAINTIFF'S PERMIT WAS NOT A RIGHT TO ANCHOR IN THE A-9 DISABLED ANCHORAGE FOR AN INDEFINITE PERIOD OF TIME

Plaintiff argues that an unverified statement made by defense counsel in a motion in 2002 that the "permit does not expire, subject to annual inspection for seaworthiness and sanitation which is required of permittees in the A-8 Anchorage" is a judicial admission and therefore somehow entitles plaintiff to free long term anchoring for an indefinite period of time is without merit. As set forth in the District's moving papers, the *Graf* cases clearly establish that there is no constitutional right to free long term anchoring. *Graf* is not even mentioned or addressed by plaintiff in his opposition. There are no allegations that plaintiff was somehow denied a property right when the District refused to renew his expired permit and he failed to appeal that decision. Finally, the motion to enforce the judgment on which the District prevailed was heard in 2003, approximately three (3) years prior to the changes to UPD Code §4.36 which eliminated free long term anchoring in the A-8 and A-9 Disabled Anchorages and set forth more stringent permit requirements including that a permitee renew his or her permit prior to its expiration, which plaintiff complains of.

### IV.

### THE REFUSAL TO RENEW PLAINTIFF'S A-9 DISABLED ANCHORAGE PERMIT WAS NOT DUE TO HIS DISABILITY

Plaintiff claims that the District's refusal to renew his permit to anchor in the A-9 Disabled Anchorage after his vessel was allegedly vandalized somehow constitutes discrimination under the ADA. In his opposition, he states that the fact that the District eliminated free and long term anchoring in the A-8 and A-9 Disabled Anchorages is not controlling because the District continued issuing permits to anchor (opposition, 6:13-17). It

1. is true that the District continued to renew permits to those permittees "grandfathered" at the
2. time of the September, 2006 code changes, and plaintiff would have been able to retain his
3. permit to anchor if he had followed the law – i.e., UPD Code §4.36 which provided that
4. permits could be reissued to vessels with valid existing permits.  However, he did not.  While
5. the complaint alleges that plaintiff was "ignored," Exhibit "16", a public record of the District,
6. contradicts this allegation.
7.       Moreover, Exhibit "16" shows that plaintiff was notified that he could appeal the
8. District's refusal to renew his anchoring permit, but there are no allegations in the complaint
9. demonstrating plaintiff's compliance with and exhaustion of the administrative remedies
10. available to him.  Instead, a year after he was informed that the District would not renew his
11. permit because it had expired, he sued the District.

**V.**

**SAN DIEGO BAY IS STILL ACCESSIBLE TO PLAINTIFF; HE JUST MAY NO LONGER ANCHOR THERE FREE AND LONG TERM, AS ANY OTHER BOATER**

16.       In his opposition, plaintiff claims that "the purported elimination of <u>disabled</u> anchorages
17. in A-9 disproportionately affected disabled people more than non-disabled persons who can
18. utilize other anchorages in San Diego Bay" (emphasis in original; opposition, 6:17-19).  This
19. is patently false, and is contradicted by plaintiff's own pleadings filed in his motion to enforce
20. the judgment in his earlier case, which was opposed by the District.  In that matter, plaintiff
21. tried to argue that he could only be reasonably accommodated by being able to anchor free
22. and long term in the A-5 Anchorage, located in Glorietta Bay, Coronado, and that he could
23. not use the A-9 Anchorage designated by the District for those disabled boaters who could
24. not use the A-8 Anchorage.  The issue in the motion was the propriety of the disabled
25. anchorage selected by the District to accommodate disabled vessel owners.  However, the
26. motion, and the opposition to the motion filed by the District in November, 2002, of which
27. plaintiff asked this Court to take judicial notice, shows that plaintiff, in contradiction to his
28. ///

1 claims in the complaint, could access, and in fact preferred, the A-5 Glorietta Bay anchorage
2 even though it did not have an accessible dinghy dock.
3      In this case, the service or program being offered by the District was free, long term
4 anchoring in certain areas of San Diego Bay.  Due to concerns which had nothing to do with
5 disability, the District discontinued free and long term anchoring **for all boaters**, disabled and
6 non-disabled alike.  However, as pointed out in the moving papers, this still allows all boaters,
7 including plaintiff, access to San Diego Bay.  There are two anchorages which provide free
8 short term anchoring, including plaintiff's preferred anchorage, the A-5 Anchorage in
9 Coronado.  Plaintiff has failed to plead any facts showing how the elimination of free, long
10 term anchoring in the A-8 and A-9 Anchorages disparately impacts disabled boaters.  All
11 boaters have equal access to all anchorages in San Diego Bay available to all boaters in San
12 Diego.  Additionally, there are marinas which have slips to rent, which the *Graf* court pointed
13 out.
14      The case cited by plaintiff to support his disparate impact claim, *Crowder v. Kitigawa*,
15 81 F.3d 1480, 1484 (9th Cir. 1996) is inapposite.  In that case, plaintiffs, visually impaired
16 persons who relied upon guide dogs, sued the State of Hawaii for its imposition of a 120 day
17 quarantine upon all carnivore animals coming to the state to ensure the absence of rabies on
18 the island.  *Id.*  The District Court granted summary judgment for the state, which was
19 reversed by the Court of Appeals.  That court held that without reasonable modifications to
20 the state's quarantine requirement for the benefit of visually impaired persons relying upon
21 guide or service dogs, the plaintiffs were effectively prevented from enjoying the benefits of
22 state services and activities of the State of Hawaii in violation of the ADA and found that a
23 genuine issue of material fact existed as to whether the plaintiffs' proposed alternatives were
24 reasonable modifications under the ADA.
25      In this case, as stated above, the District has eliminated the program or activity of free,
26 long term anchoring in San Diego.  Unlike the plaintiffs in *Crowder*, *supra*, who virtually could
27 not even get around the state without their dogs that were being held under quarantine for
28 four (4) months, the plaintiff in this case can utilize San Diego Bay to sail at any time, in

08 CV 0886 IEG (RBB)

compliance with all federal navigational regulations and UPD codes.  He can also anchor in the anchoring areas available to all boaters in San Diego.  He cannot, however, anchor free and long term in San Diego Bay.  Plaintiff has failed to plead facts sufficient to create a cause of action for violation of the ADA based upon disparate impact of the District's elimination of free and long term anchoring in San Diego Bay.

## **CONCLUSION**

Plaintiff has failed to state facts upon which relief can be granted because he has failed to show that the District has violated any of his Federal Constitutional rights, California state law, or the ADA.  The District's elimination of free, long term anchoring in the A-8 and A-9 Disabled Anchorages does not discriminate against plaintiff due to his disability and plaintiff still has many other areas to anchor in San Diego Bay, just not for free and long term.  Based upon the foregoing, the District respectfully requests that the Court grant its motion to dismiss without leave to amend.

Respectfully submitted,

Dated: September 8, 2008

SAN DIEGO UNIFIED PORT DISTRICT
DUANE E. BENNETT
PORT ATTORNEY

By:   s/ Ellen Gross Miles
ELLEN GROSS MILES
Deputy Port Attorney
Attorney for Defendants
egross@portofsandiego.org

*Gallagher v. San Diego Unified Port District, et al.*
**Case No. 08-CV-0886 IEG (RBB)**

# CERTIFICATE OF SERVICE

The following document(s) are associated with this transaction:

**DEFENDANT SAN DIEGO UNIFIED PORT DISTRICT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**

**Notice will be electronically mailed to:**

N/A

**Notice will be delivered by other means to:**

John Gallagher
P.O. Box 712473
Santee, CA 92072
(619) 379-8279
(via first class mail)

  I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of August, 2008, at San Diego, California.

            By: s/Ellen Gross Miles
               E-mail: egross@portofsandiego.org