# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GALLAGHER,<br><br>                      Plaintiff,<br><br>  vs.<br><br><br>SAN DIEGO UNIFIED PORT DISTRICT and CITY OF CORONADO,<br><br>                     Defendants. | CASE NO. 08-CV-886-IEG-RBB<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT CITY OF CORONADO'S MOTION TO DISMISS; (Doc. No. 9)**<br><br>**(2) GRANTING DEFENDANT SAN DIEGO UNIFIED PORT DISTRICT'S MOTION TO DISMISS; (Doc. No. 8) and**<br><br>**(3) GRANTING PLAINTIFF LEAVE TO AMEND.** |

Presently before the Court are: (1) a motion to dismiss filed by defendant San Diego Unified Port District ("the Port District"); and (2) a motion to dismiss filed by defendant City of Coronado ("the City"). For the following reasons, the Court (1) grants the City's motion to dismiss; (2) grants the Port District's motion to dismiss; and (3) grants plaintiff leave to amend.

## BACKGROUND

**Factual Background**

Plaintiff John Gallagher has a weak and shortened left leg due to childhood polio. Plaintiff brings this case primarily to challenge the Port District's failure to re-issue the anchorage permit for his boat in early 2007. Plaintiff previously sought an accessible anchorage for his boat in

Gallagher v. San Diego Unified Port District, 98-cv-0615 J (JAH).[1] In that case, plaintiff alleged the "A-8 anchorage," which provided free long-term anchorage, was not accessible to him because of the choppy surface waters and the distance from his anchorage site to the shore. Plaintiff accepted the Port District's third offer of judgment in that case in November of 2000. The terms of the offer included:

> The Port District shall designate Anchorage Area A-9 (the "Cruiser Anchorage") as an alternative free, long-term anchorage for qualified individuals with a disability who, because of that disability, are unable to use Anchorage Area A-8 . . . .
> The Port District shall issue a permit to Plaintiff John Gallagher to anchor in Anchorage Area A-9 as an alternative free, long-term anchorage area, subject to all the regulations applicable to A-8.

(Port District's Exhibit 4 at 1-2.)

On September 5, 2006, the Port District adopted amendments to Section 4.36 of the Port District's Code.[2] In pertinent part, those amendments provide:

> Upon enactment of this Section 4.36, as amended, the District shall discontinue issuing Permits to anchor in the A-8 Anchorage, except for the purpose of re-issuing Permits to Vessels with current valid Permits and meeting all the requirements and conditions of this Section.

(Port District's Exhibit 16 at 134 (providing San Diego Unified Port District Code § 4.36(c)(11)).)[3]

The regulations of the A-9 Anchorage require permittees to comply with all regulations of the A-8

---

[1] The Court takes judicial notice of the pleadings in that case under Rule 201 of the Federal Rules of Evidence.

[2] The Port District also describes the circumstances leading to the change in the regulations of the A-8 anchorage site in order to show that the regulations were changed due to a non-discriminatory motive. The Court, however, cannot judicially notice the motives of the Port District. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding district court erred in taking judicial notice of "disputed facts stated in public records"). The Port District does not cite any authority supporting its request for judicial notice of agenda sheets and minutes of the Board of Port Commissioners' meetings for disputed facts contained therin. The Court therefore denies the request for judicial notice of Ex. 1 (agenda sheet from August 22, 2000 meeting); Ex. 8 (agenda sheet from December 6, 2005 meeting); Ex. 9 (minutes from December 6, 2005 meeting); Ex. 10 (agenda sheet from May 2, 2006 meeting); Ex. 11 (minutes from May 2, 2006 meeting); Ex. 12 (agenda sheet from June 6, 2006 meeting); Ex. 13 (minutes from June 6, 2006 meeting); Ex. 14 (agenda sheet from September 5, 2006 meeting); and Ex. 15 (minutes from September 5, 2006 meeting).

[3] The Court takes judicial notice of the regulations governing A-8 and A-9 anchorages, which are public records not subject to reasonable dispute and are referenced by the plaintiff in his complaint. See Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002) (noting courts may consider documents "referenced extensively in the complaint" and "accepted by all parties as authentic" in deciding a motion to dismiss under Rule 12(b)(6)).

1  Anchorage. (Port District's Exhibit 6 at 53-54 (providing San Diego Unified Port District Code §
2  4.38(h)(4)(d)).)  Accordingly, the elimination of the A-8 anchorage also ended the Port District's
3  issuance of A-9 permits.

4  Plaintiff's boat was vandalized on July 26, 2006, two days after he received his A-9 permit.
5  Plaintiff alleges he attempted to renew his permit in January of 2007, but the Port District ignored
6  his letters and phone calls. Plaintiff eventually received a letter from the Port District dated July 6,
7  2007. (Port District's Exhibit 16.) The letter directed plaintiff's attention to the September 5,
8  2006 amendments regulating the A-8 and A-9 anchorages and explained the Port District would
9  not renew plaintiff's permit because it expired in or around January of 2007. (Id. at 122-23).

**Procedural Background**

11  Plaintiff, proceeding pro se, filed suit on May 19, 2008 and filed the operative first
12  amended complaint ("Complaint") on July 11, 2008 naming the San Diego Unified Port District
13  and the City of Coronado as defendants. Plaintiff alleges five causes of action: (1) violation of the
14  Americans with Disabilities Act, ("ADA"), 42 U.S.C. §§ 12101 & 12131; (2) violation of the
15  Equal Protection Clause of the Fourteenth Amendment; (3) discrimination in violation of the
16  ADA, 42 U.S.C. § 12132; (4) breach of California state laws protecting the disabled; and (5)
17  intentional infliction of emotional distress. (Doc. No. 2.) Plaintiff purports to represent a class of
18  similarly situated individuals.[4] On August 5, 2008, the Port District filed a motion to dismiss the
19  complaint for failure to state a claim and a request for judicial notice in support of the motion.
20  (Doc. No. 8.) On August 7, 2008, the City filed a motion to dismiss the complaint for failure to
21  state a claim. (Doc. No. 9.) On September 2, 2008, plaintiff filed an opposition to defendants'
22  motions and the Port District's request for judicial notice. (Doc. No. 10.) Plaintiff also filed a
23  request for judicial notice. (Id.)  Both defendants filed replies on September 8, 2008. (Doc. Nos.
24  11 & 12.)

---

[4] Plaintiff is proceeding pro se. Unless plaintiff is a licensed attorney, he may not bring his case on behalf of a class. "[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); see Nielson v. Legacy Health Sys., 230 F. Supp. 2d 1206, 1213 (D. Or. 2001) (prohibiting plaintiff from representing his daughter in civil action).

1  The Court found the matter fully briefed and appropriate for disposition without oral
2  argument pursuant to Local Rule 7.1(d)(1).

## DISCUSSION

1.   Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. Proc. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). To survive a Rule 12(b)(6) motion, a complaint generally must satisfy only the minimal notice pleading requirements of Fed. R. Civ. Pro. 8(a)(2); Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). To a void a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007).

In deciding a motion to dismiss for failure to state a claim, the court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir.1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526, (1983). Furthermore, a court is not required to credit conclusory legal allegations cast in the form of factual allegations, "unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981).

The Court recognizes the mandate to construe a pro se plaintiff's pleadings liberally in determining whether a claim has been stated. Ortez v. Washington County, 88 F.3d 804, 807 (9th

Cir. 1996).

2.     Defendant City of Coronado's Motion to Dismiss

The City moves to dismiss the complaint on the basis that no specific factual allegations are made against the City. In response, plaintiff cites the only paragraph of his complaint which mentions the City. In that paragraph, plaintiff alleges:

> Defendant's [sic] SAN DIEGO UNIFIED PORT DISTRICT, CITY OF CORONADO has [sic] continued to do absolutely nothing about ADA accommodations, or access on the issue of boat ramps and dock ramps within ADA anchorage 9, Anchorage 3, Anchorage 5, and the City of Coronado.

(Complaint at ¶ 12.) In reply, the City notes the complaint alleges the Port controls the subject anchorages, the Port committed the discriminatory acts, and the Port should provide him with relief. The Court agrees that plaintiff has failed to state a claim against the City. If plaintiff files an amended complaint against the City, he must explain the factual basis for any claims against the City and what relief he seeks from the City.

3.     Defendant San Diego Unified Port District's Motion to Dismiss

    A.     Plaintiff's Federal Claims

The Port District argues plaintiff has not pleaded facts sufficient to state a violation of the Equal Protection Clause or Title II of the ADA.

In order to plead a violation of the Equal Protection Clause of the Fourteenth Amendment, plaintiff must allege the Port District treated him differently than similarly situated individuals. Washington v. Davis, 426 U.S. 229, 239-40 (1976); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).[5] To state a claim for violation of Title II of the ADA, plaintiff must show he was

---

[5] The Court notes that the Constitution does not by itself create a private cause of action for plaintiff. Martinez v. City of Los Angeles, 141 F.3d 1373, 1382 (9th Cir. 1988) ("a plaintiff may not sue a state defendant directly under the Constitution"); see also Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992). 42 U.S.C. §1983 is the proper vehicle by which plaintiffs can complain of a violation of a constitutional right by a state actor. See, e.g., Greenawalt v. Sun City West Fire Dist., 250 F. Supp. 2d 1200, 1212-13 (D. Ariz. 2003). To state a claim under § 1983, "the plaintiff must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." See West v. Atkins, 487 U.S. 42, 48 (1988).

1  excluded from participation in or denied the benefits of the services of a public agency.[6] See

2  Weinreich v. Los Angeles County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). "[I]t

3  is clear from the language of Title II . . . that public entities are not required to create new

4  programs that provide heretofore un-provided services to assist disabled persons." Townsend v.

5  Quasim, 328 F.3d 511, 518 (9th Cir. 2003).

6        Plaintiff's complaint does not identify a benefit or service which the Port District provides

7  to non-disabled individuals but not to plaintiff, or which is not accessible to plaintiff by reason of

8  his disability. Plaintiff's primary concern is that he no longer has an A-9 anchorage permit. (See

9  Compl. ¶ 11.) As of September 5, 2006, the Port District no longer issues A-8 or A-9 permits.[7]

10  The Port District is only authorized to "re-issu[e] Permits to Vessels with current valid Permits."

11  (Port District's Exhibit 16 at 134 (providing San Diego Unified Port District Code § 4.36(c)(11)).)

12  Plaintiff attempted to renew his permit in January of 2007, but he does not allege facts showing he

13  was **eligible for renewal** at that time as required by Section 4.36(c)(11).[8] Accordingly, the

14  complaint does not contain facts showing the Port District denied plaintiff a benefit given to

15  individuals without disabilities. The Court therefore dismisses plaintiff's federal claims for failure

16  to state a claim.

17      B.     Plaintiff's Accessibility Claims

18        The Port District argues plaintiff has not stated a claim that the Port District's facilities

19  violate California law. Plaintiff cites several provisions of California law which prohibit

---

[6] Although plaintiff has alleged two separate ADA causes of action, the only provision plaintiff cites prohibiting discrimination is Section 12132. The Court therefore treats plaintiff's ADA causes of action as one claim.

[7] See Port District's Exhibit 16 at 134 (providing San Diego Unified Port District Code § 4.36(c)(11); Port District's Exhibit 17 (providing Judge Huff's Order dismissing complaint in Renard v. San Diego Unified Port District, 06-cv-2665 H (BLM))). The Court grants the Port District's request for judicial notice of Judge Huff's decision, which is persuasive authority in this case.

[8] Plaintiff requests the Court takes judicial notice of the Port District's opposition to his motion to enforce the judgment in Case No. 98cv0615 J (JAH). Plaintiff argues the Port District's statement in that document that plaintiff's permit "does not expire" is a binding admission. Plaintiff's complaint in this case, however, does not allege the Port District breached any agreement to provide plaintiff with a permit that does not expire. Indeed, the offer of judgment in plaintiff's earlier case explicitly stated plaintiff's permit would be "subject to all the regulations applicable to A-8." (Port District's Exhibit 4 at 39.) Accordingly, the Court denies plaintiff's request for judicial notice as moot.

1  discrimination on the basis of disability, including Sections 51, 52, and 54 of the California Civil
2  Code.[9]  Plaintiff also cites California Government Code Section 4450 and California Health and
3  Safety Code Section 19955, which relate to the accessibility of public buildings, accommodations,
4  and facilities.

5  The Port District argues the Court should dismiss the accessibility claims because
6  plaintiff's allegations are "patently false."  To support this argument, the Port District requests the
7  Court to take judicial notice of the "Completion Report for Accessible Boat Docks."  (Port
8  District's Ex. 7.)  The Port District submitted this report to the U.S. Army Corps of Engineers on
9  May 15, 2003.  The Report contains photographs of an accessible ramp at one of the anchorages.
10 The Port District does not explain the authority for judicially noticing such a report or the
11 truthfulness of the disputed representations contained therein.  The court may not take judicial
12 notice of disputed facts simply because they are "stated in public records."  See Lee v. City of Los
13 Angeles, 250 F.3d 668, 689 (9th Cir. 2001); Fed. R. Evid. 201 (authorizing courts to take judicial
14 notice of facts "not subject to reasonable dispute").  Accordingly, the Court denies the request for
15 judicial notice of the Completion Report.

16 The Court, however, agrees that plaintiff has not stated facts which set forth a claim that
17 any Port District facilities are inaccessible.  Plaintiff makes the generic allegation that the docks
18 and anchorages are not in compliance with state and federal law.  (See Compl. ¶¶ 12, 28 (alleging
19 "San Diego Bay docks" do not have ramps).)  Plaintiff does not identify which public facilities are
20 not accessible to him and the reasons he is not able to use those facilities.[10]  Accordingly, the Court

---

[9]Section 54(a) provides:

> Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.

Cal. Civ. Code § 54(a).

[10]The Port District also notes plaintiff settled his accessibility claims in his earlier federal case, No. 98-cv-0615 J (JAH).  (See Port District's Exhibit 3 (setting forth settlement agreement in which plaintiff releases all claims relating to previous complaint)).  Because plaintiff has not set forth the facts supporting his accessibility claims, the Court cannot ascertain whether plaintiff's current claims are covered by that settlement agreement.

1 dismisses this portion of the complaint for failure to state a claim.

2     C.    Plaintiff's Intentional Infliction of Emotional Distress Claim

3 The Port District argues the Court should dismiss plaintiff's claim for intentional infliction

4 of emotional distress for failure to comply with the California Government Claims Act. The

5 Government Claims Act requires tort plaintiffs to present a claim against a public entity to that

6 entity prior to filing suit for damages. Cal. Gov. Code § 814; see also Ovando v. City of Los

7 Angeles, 92 F. Supp. 2d 1011 (C.D. Cal. 2000) (explaining the purpose and procedures of the

8 Government Claims Act). Plaintiff has not alleged compliance with the Government Claims Act

9 and the Court therefore dismisses this claim.[11]

10 4.    Leave to Amend

11 The Court may dismiss a complaint without granting leave to amend only if it appears with

12 certainty that the plaintiff cannot state a claim and any amendment would be futile. See Fed. R.

13 Civ. P. 15(a) (stating leave to amend "shall be freely given when justice so requires"); DeSoto v.

14 Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Schreiber Distrib. Co. v. Serv-Well

15 Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("[L]eave to amend should be granted unless

16 the court determines that the allegation of other facts consistent with the challenged pleading could

17 not possibly cure the deficiency."). Plaintiff has requested leave to amend. In the interests of

18 justice, the Court grants plaintiff leave to amend his complaint to cure the deficiencies set forth in

19 this Order.

20     CONCLUSION

21 For the foregoing reasons, the Court GRANTS defendant City of Coronado's motion to

22 dismiss. The Court also GRANTS defendant San Diego Port District's motion to dismiss.

23 Plaintiff may file a second amended complaint within forty-five (45) days of the date of this Order,

---

[11] The Port District argues the Court should not grant leave to amend as to plaintiff's claim for intentional infliction of emotional distress because plaintiff can no longer make a timely demand. Under Section 911.2 of the California Government Code, a plaintiff must present any claim for personal injury within six months of the accrual of the cause of action. Plaintiff, however, could be able to plead facts showing (1) he complied with the Government Claims Act; or (2) California law excuses his failure to comply. For example, California law does provide that leave to present a late claim may be granted up to one year from the date of the injury. See Cal. Gov. Code §§ 911.4 & 911.6.

1  addressing the deficiencies set forth herein.  Specifically, in order to assert a claim against the
2  City, plaintiff must explain the factual basis of his claim and identify the relief he seeks from the
3  City.  In order to assert a claim that his permit request was improperly denied in January of 2007,
4  plaintiff must allege facts showing his eligibility for a permit renewal at that time.  In order to
5  assert a claim that defendants' facilities are not accessible to him, plaintiff must identify the
6  facilities and explain the facts that make those facilities inaccessible in violation of federal or state
7  law.  Finally, in order to assert a claim for intentional infliction of emotional distress, plaintiff
8  must allege facts showing compliance with the Government Claims Act or excusing his failure to
9  comply under California law.

10  The Court GRANTS the Port District's request for judicial notice in part and denies it in
11  part, as set out in this Order.  The Court DENIES AS MOOT the Port District's request for judicial
12  notice of each exhibit not expressly discussed herein.  Finally, the Court DENIES AS MOOT
13  plaintiff's request for judicial notice.

16  **IT IS SO ORDERED.**

18  **DATED: October 1, 2008**

19  _____
20  **IRMA E. GONZALEZ, Chief Judge**
    **United States District Court**