UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GALLAGHER,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>SAN DIEGO UNIFIED PORT DISTRICT and CITY OF CORONADO,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 08-CV-886-IEG-RBB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 29]** |

Plaintiff has filed a motion for reconsideration of the Court's order ("Order") granting in part defendant San Diego Port District's ("the Port") motion to dismiss plaintiff's second amended complaint ("SAC"). The Court finds the matter appropriate for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the following reasons, the Court denies the motion.

**BACKGROUND**

The facts and procedural history of this case are familiar to the parties and need not be repeated herein. On February 6, 2009 the Court granted defendant City of Coronado's Motion to Dismiss the SAC, granted in part the Port's Motion to Dismiss the SAC, and granted plaintiff leave to amend his complaint. (Doc. No. 27.) Plaintiff filed the instant motion for reconsideration of the Court's order pursuant to Fed. R. Civ. P. 59 (e) on February 20, 2009. (Doc. No. 29) Defendant San Diego Unified Port District has filed an opposition (Doc. No. 32,) and plaintiff has filed a reply. (Doc. No. 33.)

**DISCUSSION**

1.  Legal Standard

Plaintiff moves for reconsideration pursuant to Fed. R. Civ. P. 59(e), which provides that a party may file a "motion to alter or amend a judgment" no later than 10 days after the entry of a judgment. Rule 59 applies only to "motions attacking final, appealable orders." United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). A motion to dismiss "does not become a final appealable order within the meaning of 28 U.S.C. § 1291,[1] until a district court order disposes of all claims against all parties or a [Fed. R. Civ. P. 54(b)] certification has been obtained." Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 923 (9th Cir. 2001). In the instant case, the Order was interlocutory in nature because "it did not resolve all the issues as to all the parties on the merits, leaving nothing to be done but to execute the judgment." Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 464 (9th Cir. 1989). Accordingly, Rule 59 is an improper means for plaintiff to seek reconsideration.

However, under Fed. R. Civ. P. 54(b) (2009) any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (2009); 18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (2d Ed. 2005) (while authorized, reconsideration of interlocutory orders disfavored). Moreover, courts have inherent power to modify their interlocutory orders before entering a final judgment. Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 464 (9th Cir. 1989). The Court therefore construes plaintiff's motion as a motion for reconsideration pursuant to Fed. R. Civ. P. 54(b).

The "law of the case" doctrine, as well as public policy, dictate that the efficient operation of the judicial system requires the avoidance of re-arguing questions that have already been decided. See Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n. 5 (9th Cir. 1989); Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, L.L.P., 322 F.3d 147, 167 (2d Cir. 2003) ("[W]here litigants have once battled for the court's decision,

---

[1] 28 U.S.C. § 1291 (2009) sets out the jurisdiction of the United States Courts of Appeals from "all final decisions of the district courts."

1  they should neither be required, nor without good reason permitted, to battle for it again.")  Most
2  courts therefore apply a fairly narrow standard by which to reconsider their interlocutory opinions
3  and orders. This standard requires that the moving party show: 1) an intervening change in the
4  law; 2) additional evidence that was not previously available; or 3) that the prior decision was
5  based on clear error or would work manifest injustice.  Paiute Tribe, 882 F.2d at 369 n. 5; Wright
6  & Miller, supra, § 4478.  Accord  Single Chip Sys. Corp. v. Intermec IP Corp., 2006 U.S. Dist.
7  LEXIS 98072, at *7-8 (S.D. Cal. Aug. 2, 2006).
8  2.      Plaintiff's Motion for Reconsideration
9         A)      ADA Claim
10         Plaintiff first moves the Court to reconsider its dismissal of his claim under Title II of the
11 Americans with Disabilities Act [("ADA"), 42 U.S.C. § 12132] "with prejudice insofar as it
12 alleges discrimination on the basis of the Port's 2006 revision of UPDC § 4.36." (Order at 7.)
13 Plaintiff essentially argues the 2006 amendment deprived him of a "vested right" to free long term
14 anchoring in the A-9 anchorage that was created by his settlement agreement with the Port in
15 Gallagher I.  (Reply at 2.)  This argument does not change the analysis set forth in the Court's
16 Order.  Plaintiff's motion for reconsideration on this basis is DENIED.[2]
17         B)      42 U.S.C. § 1983 Claim
18         Plaintiff also moves the Court to reconsider its dismissal of his cause of action under 42
19 U.S.C. § 1983.  Plaintiff's unsuccessful § 1983 claim was based on his allegations that the revised
20 UPDC § 4.36 violated the 14th Amendment of the Constitution and Article I, Section 7 of the
21 California Constitution.  Plaintiff now argues he is entitled to amend his claim based on his
22 retaliation cause of action under the ADA, and his potential "ADA claims related to the denial of
23 an anchorage A-9 permit, and accessibility of anchorages."  (Motion at 4.)  Plaintiff need not move
24 the Court for reconsideration of the Order to make these amendments, however, because the Order
25 only specifically dismissed plaintiff's § 1983 claim "with prejudice insofar as it alleges a § 1983

---

[2] To the extent plaintiff seeks "one last opportunity to amend his cause of action under [§ 12132]" (Motion at 3,) the Order does not prevent him from doing so. Although plaintiff is precluded from basing his § 12132 claim on the 2006 amendment of UPDC § 4.36, he may amend the cause of action on the other bases narrowly defined in the Order.

violation on the basis of the Port's 2006 revision of UPDC § 4.36."[3] (Order at 12.) Accordingly, plaintiff's motion for reconsideration is DENIED on this basis as well.

## CONCLUSION

For the reasons stated herein, plaintiff's motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

**DATED: April 6, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[3] The Court notes, however, the Ninth Circuit's position that a § 1983 claim cannot be used to enforce rights created by the ADA, a statutory scheme that already includes comprehensive remedial measures. See Vinson v. Thomas, 288 F.3d 1145, 1155-1156 (9th Cir. 2002). Although Vinson involved a § 1983 claim brought against a State official in her individual capacity, the Ninth Circuit's reasoning extends to § 1983 suits brought against municipalities or local government units, as evidenced by the Vinson court's reliance on Holbrook v. City of Alpharetta, 112 F.3d 1522, 1531 (11th Cir. 1997) (holding a plaintiff suing a city could not "maintain a [§] 1983 action in lieu of--or in addition to--a Rehabilitation Act or ADA cause of action if the only alleged deprivation is of the employee's rights created by the Rehabilitation Act and the ADA."). Cf. Save Our Summers v. Wash. State, 132 F. Supp. 2d 896, 910 (E.D. Wash. 2000) (holding although plaintiffs were not precluded from bringing an ADA claim against a state department of ecology and its director, § 1983 could not "be used to enforce rights created by a statutory scheme that already include[s] comprehensive remedial measures[.] Plaintiffs [are precluded] from bringing suit under § 1983 to enforce rights created by the . . . ADA ([a] comprehensive scheme[.]")