1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| JOHN GALLAGHER, ) | Case No.: 08cv0886 AJB (WVG) |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION |
| v. ) | FOR RECONSIDERATION |
| ) | |
| SAN DIEGO UNIFIED PORT DISTRICT, ) | |
| CITY OF CORONADO, and DOES 1 ) | [Doc. No. 79] |
| through 20, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

12

13

14

15

16

17        On August 21, 2011, Plaintiff John Gallagher filed a motion for reconsideration in response to

18    the Court's grant of summary judgment.[1]  Based upon the record and for the reasons set forth herein, the

19    Plaintiff's motion for reconsideration is hereby DENIED.

20                                          ***Background***

21        On July 27, 2011, the Court granted Defendant San Diego Unified Port District's motion for

22    summary judgment, [Doc. No. 64].  In the July 22, 2011 Order, the Court set forth the factual and

23    procedural backgrounds in detail, and shall not repeat them herein.

24                                          ***Legal Standard***

25        Under Rule 59(e) of the Federal Rules of Civil Procedure, a "motion to alter or amend a

26    judgment must be filed no later than 28 days after the entry of the judgment.  While Rule 59(e) permits a

27

28        [1] The Court construes Plaintiff's request for a "Review and Reverse" as a motion for
reconsideration.

1   district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be

2   used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore

3   et al., Moore's Federal Practice § 59.30[4] (3d ed.2000); *see also Carroll v. Nakatani*, 342 F.3d 934, 945

4   (9th Cir. 2003); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).   Indeed, "a

5   motion for reconsideration should not be granted, absent highly unusual circumstances, unless the

6   district court is presented with newly discovered evidence, committed clear error, or if there is an

7   intervening change in the controlling law." *Carroll*, 342 F.3d at 945 (quoting *Kona*, 229 F.3d at 890

8   (citations omitted)).   A Rule 59(e) motion may not be used to raise arguments or present evidence for

9   the first time when they could reasonably have been raised earlier in the litigation. *Id.*

10          In the Southern District of California, motions for reconsideration are also governed by Civil

11   Local Rule 7.1(i). The rule requires that for any motion for reconsideration,

12          it shall be the continuing duty of each party and attorney seeking such relief to present to the judge
            ... an affidavit of a party or witness or certified statement of an attorney setting forth the material

13          facts and circumstances surrounding each prior application, including inter alia: (1) when and to
            what judge the application was made, (2) what ruling or decision or order was made thereon, and

14          (3) what new or different facts and circumstances are claimed to exist which did not exist, or were
            not shown, upon such prior application.

15   Civ. L.R. 7.1(i)(1).

16                                               ***Discussion***

17          In Plaintiff's motion for reconsideration, Plaintiff contends that reconsideration is appropriate "in

18   the interests of justice and judicial economy."  (Pl.'s Motion for Reconsideration.)  Plaintiff does not

19   allege that there is newly discovered evidence or an intervening change in the controlling law or that the

20   Court committed clear error.  Plaintiff's motion simply reiterates arguments already submitted and

21   rejected in Plaintiff's Opposition to the Motion for Summary Judgment.  Mere disagreement with a

22   court's analysis in a previous order is not a sufficient basis for reconsideration.  Nor does reassertion of

23   arguments already extended and rejected provide an appropriate justification for reconsidering the

24   Court's Order.

25          Insofar as the Court, in issuing its previous Order, already carefully considered and analyzed the

26   very arguments Plaintiff again raises, the Court finds it unnecessary to readdress them. The Court is not

27   persuaded by Plaintiff's contention that reconsideration is necessary in the interest of justice and for

28

1 | judicial economy.  The Court accordingly finds that reconsideration is not warranted.

2 |     Additionally, Plaintiff's motion fails to comply with Civil Local Rule 7.1(i).  Plaintiff has not

3 | provided the necessary "affidavit of a party or witness or certified statement of an attorney setting forth

4 | the material facts and circumstances surrounding each prior application, including inter alia: (1) when

5 | and to what judge the application was made, (2) what ruling or decision or order was made thereon, and

6 | (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not

7 | shown, upon such prior application."

### *Conclusion*

9 |     For the reasons set forth above, the Plaintiff's motion for reconsideration is hereby DENIED.

10 | IT IS SO ORDERED.

12 | DATED:  September 8, 2011

               Hon. Anthony J. Battaglia
               U.S. District Judge