UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GALLAGHER,<br><br>               Plaintiff,<br>v.<br><br>SAN DIEGO UNIFIED PORT DISTRICT, CITY OF CORONADO, and DOES 1 through 20, inclusive,<br><br>               Defendants. | Case No.: 08cv0886 AJB (WVG)<br><br>ORDER REQUESTING SUPPLEMENTAL DECLARATION |

     This is a claim for retaliation under the Americans with Disabilities Act ("ADA") against the San Diego Unified Port District ("District"). The District moved for summary judgment on Plaintiff John Gallagher's only remaining cause of action, retaliation under the ADA, arguing the "but-for" standard of causation is applicable to the instant case. The Court heard oral arguments on April 11, 2014 on the appropriate causation standard applicable to Plaintiff's claim and found Plaintiff's ADA retaliation claim is indeed governed by the but-for standard and the District did not waive its reliance on this argument. (Doc. No. 96.) The Court granted Plaintiff an opportunity to supplement his brief. However, Plaintiff's supplemental brief requests a reopening of discovery pursuant to Federal Rule of Civil Procedure 56(d). (Doc. No. 98.)

1     Additional information is required before the Court may rule on Plaintiff's request. Pursuant to Rule 56(d), this Court has the discretion to either deny or continue a motion for summary judgment "if a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its position." Thus, this Court has discretion to continue this motion for summary judgment if opposing party needs to discover essential facts. *Cal. Union. Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271 (9th Cir.1990), *cert. denied*, 498 U.S. 1088, 111 S. Ct. 966 (1991). A party must show how additional discovery would preclude summary judgment and why a party cannot immediately provide "specific facts" demonstrating a genuine issue of material fact. *Mackey v. Pioneer Nat. Bank*, 867 F.2d 520, 523-24 (9th Cir. 1989). The party requesting a continuance must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

    Accordingly, the Court requests Plaintiff's counsel to articulate exactly what discovery is needed to warrant a Rule 56(d) continuance. Plaintiff must state what specific depositions and/or documents he deems are necessary. Plaintiff must file his supplemental declaration within ten (10) days from the date of this Order. The District may then file objections within ten (10) days of Plaintiff's declaration. No reply will be filed.

IT IS SO ORDERED.

DATED: May 13, 2014

                                               _____
                                               Hon. Anthony J. Battaglia
                                               U.S. District Judge