1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11  JOHN GALLAGHER,                        )   Case No.: 08cv0886 AJB (WVG)
                                          )
12              Plaintiff,                 )   ORDER:
    v.                                    )
13                                        )   (1) GRANTING PLAINTIFF'S
    SAN DIEGO UNIFIED PORT                )   RULE 56(d) REQUEST FOR
14  DISTRICT, CITY OF CORONADO,           )   FURTHER DISCOVERY, (Doc. Nos.
    and DOES 1 through 20, inclusive,     )   91; 101); and
15                                        )
                Defendants.               )   (2) CONTINUING DEFENDANT'S
16  _____ )   MOTION FOR SUMMARY
                                          )   JUDGMENT, (Doc. No. 91).

17

18        This is a claim for retaliation under the Americans with Disabilities Act ("ADA")

19  against the San Diego Unified Port District ("District").  The District moved for sum-

20  mary judgment on Plaintiff John Gallagher's only remaining cause of action, retaliation

21  under the ADA, arguing the "but-for" standard of causation is applicable to the instant

22  case.  The Court heard oral arguments on April 11, 2014 on the appropriate causation

23  standard applicable to Plaintiff's claim and found Plaintiff's ADA retaliation claim is

24  indeed governed by the but-for standard and the District did not waive its reliance on this

25  argument.  (Doc. No. 96.)  The Court granted Plaintiff an opportunity to supplement his

26  brief.  Plaintiff did so, filing supplemental briefing on April 30, 2014.  This Order

27  follows.

28

1                                                        08cv0886

## I.    BACKGROUND [1]

Plaintiff initiated the instant action on May 19, 2008.  On May 6, 2009, Plaintiff filed his Third Amended Complaint ("TAC").  On August 31, 2009, the Court granted in part and denied in part the District's Motion to Dismiss the TAC, thereby dismissing all of Plaintiff's claims with prejudice except the claims for: (1) discrimination under the ADA, premised upon the District's denial of an A-9 Anchorage Permit; and (2) retaliation under the ADA, also premised upon the District's denial of the A-9 Anchorage permit. (Doc. No. 43.)

On July 27, 2011, this Court granted summary judgment on all of Plaintiff's claims for the District and entered judgment in favor of the District. (Doc. No. 69.) Plaintiff subsequently appealed. (Doc. No. 74.)  The Ninth Circuit Court of Appeals affirmed all of the Court's dismissal but found that the Court erred in granting summary judgment to the District on Plaintiff's ADA retaliation claim.  The Ninth Circuit held that Plaintiff had made a prima facie case of retaliation and although the District had articulated a plausible non-retaliatory reason for its actions, Plaintiff satisfied the burden of "raising a genuine factual issue as to whether the District's proffered reason is a pretextual ruse to mask retaliatory action."  The Ninth Circuit remanded the case for further proceeding.

The Court held a hearing spreading the mandate on January 30, 2014 and setting the case for trial.  During the hearing, counsel for the District alerted the Court to an intervening change in law under the Supreme Court's June 24, 2013 decision, *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013). Special briefing regarding the appropriate standard of causation governing Plaintiff's retaliation claim was ordered and the Court heard oral arguments on the matter on April 11, 2014. A subsequent Order was issued finding the but-for causation standard applicable to

---

[1] The Court's previous Order establishing the causation standard for Plaintiff's ADA retaliation claim contains a detailed factual background.  This Order only contains the procedural background as it relate to the instant matter.

1   Plaintiff's ADA retaliation claim. (Doc. No. 96). While the District's moving papers

2   presented arguments and evidence in the record regarding Plaintiff's ability to show but-

3   for causation, Plaintiff's brief primarily focused on the issue of what causation standard

4   is applicable, as instructed by the Court.  Accordingly, Plaintiff was given an opportunity

5   to fully present arguments and evidence to rebut the District's motion.

6          Plaintiff did so on April 30, 2014.  In his Response, Plaintiff also requested a

7   reopening of discovery pursuant to Federal Rule of Civil Procedure 56(d).  The District

8   replied on May 9, 2014, arguing additional discovery is unwarranted given Plaintiff's

9   "lack of diligence, prejudice to the District, and the unlikelihood of further discovery to

10  lead to any relevant evidence." (Doc. No. 99 at 2.)

11  **II.      LEGAL STANDARDS**

12         Rule 56(d) provides a device for litigants to avoid summary judgment when they

13  have no had sufficient time to develop affirmative evidence.[2]  *Burlington Northern Santa*

14  *Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773

15  (9th Cir. 2003).  "The general principle of Rule 56(f) is that 'summary judgment should

16  be refused where the nonmoving party has not had the opportunity to discover informa-

17  tion that is essential to his opposition." *Price v. Western Resources, Inc.*, 232 F.3d 779,

18  793 (10th Cir.2000) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n.5, 106 S.

19  Ct. 2505 (1986)).  District courts should grant a Rule 56(d) motion "fairly freely" where

20  a summary judgment motion is filed before a party has had a realistic opportunity to

21  pursue discovery relevant to its theory of the case. *Burlington*, 323 F.3d at 773.

22         Pursuant to Rule 56(d), this Court has the discretion to either deny or continue a

23  motion for summary judgment "if a party opposing the motion shows by affidavit that,

24  for specified reasons, it cannot present facts essential to justify its position."  Thus, this

25  Court has discretion to continue this motion for summary judgment if opposing party

26  needs to discover essential facts.  *Cal. Union. Ins. Co. v. American Diversified Sav.*

27

28         [2] The 2010 Amendments brought former subdivision (f) to subdivision (d) without substantial
change.  Fed. R. Civ. Proc. 56 advisory committee's note to 2010 Amendments.

1   *Bank*, 914 F.2d 1271 (9th Cir.1990), *cert. denied*, 498 U.S. 1088, 111 S. Ct. 966 (1991).

2   A party must show how additional discovery would preclude summary judgment and

3   why a party cannot immediately provide "specific facts" demonstrating a genuine issue

4   of material fact. *Mackey v. Pioneer Nat. Bank*, 867 F.2d 520, 523-24 (9th Cir. 1989).

5   The party requesting a continuance must identify by affidavit the specific facts that

6   further discovery would reveal, and explain why those facts would preclude summary

7   judgment. *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

8   **III.    DISCUSSION**

9        Plaintiff argues that the application of the but-for standard of causation necessitat-

10  es the reopening of discovery.  In requesting a Rule 56(d) continuance, the moving party

11  must demonstrate by affidavit, specific reasons supporting their position and how further

12  discovery would preclude summary judgment.  Plaintiff's Response failed to meet this

13  standard so the Court requested a supplemental declaration from Plaintiff to specify what

14  discovery was needed and how it would support his position.  Plaintiff filed his declara-

15  tion on May 23, 2014.  The District filed its Opposition on May 30, 2014.

16       Plaintiff specifies five pieces of discovery needed so that he may effectively

17  demonstrate a genuine issue of material fact with regards to the District's motion for

18  summary judgment.  (Doc. No. 101 at 3-4.)  Plaintiff's counsel states that Mr. Gallagher

19  has not taken any depositions or any written discovery in this case and he relied entirely

20  on indirect evidence in opposing the District's first summary judgment as well as on

21  appeal. (*Id.* at 2.)  The District argues that Plaintiff had more than two years prior to the

22  discovery cut-off date to seek this information, yet he failed to do so.  (Doc. No. 102 at

23  3-4.)  Though the Court is mindful of the District's concern that this delay may cause

24  undue prejudice, the Court finds Plaintiff's position persuasive.

25       Plaintiff was able to rely on indirect evidence to support his claim of retaliation

26  under the lesser motivating factor test.  However, given that this Court found the but-for

27  causation standard appropriate after the discovery cut off date on the District's renewed

28  motion for summary judgment, fairness dictates that Plaintiff should be allowed to fully

1  develop the record of evidence.  Plaintiff should have the opportunity to conduct

2  discovery on any alleged "direct evidence" to show that but for engaging in protected

3  activity, the District would not have taken the action it did.  The Court disagrees with the

4  District's objection that Plaintiff failed to identify specific facts.  Each of the five items

5  listed, if in existence and true, tends to contradict the District's position on summary

6  judgment and would establish a genuine issue of material fact that would preclude this

7  Court from granting summary judgment.

8         Though Plaintiff's ultimate position appears precarious, given the unique postural

9  circumstances of this case and the heavy burden he bears, it is proper to allow further

10  discovery so that Plaintiff may present all the essential facts for this matter. The Court

11  should and will consider the entire record after a meaningful opportunity to fully develop

12  it.  Finally, the Court acknowledges the District's reservations of its right to make further

13  objections to any discovery allowed.

14  **III.    CONCLUSION**

15         Accordingly, the Court, in its discretion, GRANTS Plaintiff's Rule 56(d) request

16  to allow further discovery.  Plaintiff's five discovery requests are permitted but with the

17  following limits:

18         (1) Plaintiff's request under section 8(a) and (b) for internal documents and

19             communication by the District that refer or relate to Gallagher and/or his

20             previous lawsuits against the Port District is permitted but only as related

21             specifically to the decision denying him the anchorage permit; and

22         (2) Plaintiff's request under section 8(d) and (e) should proceed pursuant to

23             Rule 30(b)(6), so that a designated representative of the defendant can

24             address the areas proposed..

25  //

26  //

27  //

28  //

5

08cv0886

1    Plaintiff has sixty (60) days from the date of this Order to complete discovery **and**

2 file briefing in support of his opposition to the Motion for Summary Judgment.  The

3 District may file any response fourteen (14) days after that.  No other briefing will be

4 entertained. If oral arguments are deemed necessary, the Court will schedule a hearing on

5 the matter.  Otherwise, the matter will be determined on the papers.

6 IT IS SO ORDERED.

7

8 DATED:  June 2, 2014

9                                          _____

10                                         Hon. Anthony J. Battaglia
                                           U.S. District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv0886