

**FILED**
Oct 27 2016
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ AKR  DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN GALLAGHER,

        Plaintiff - Appellant,

 v.

SAN DIEGO UNIFIED PORT DISTRICT; DOES, 1 through 20,

        Defendants - Appellees.

No. 14-56517

D.C. No. 3:08-cv-00886-AJB-WVG
U.S. District Court for Southern California, San Diego

**MANDATE**

    The judgment of this Court, entered September 07, 2016, takes effect this date.

    This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

    Costs are taxed against the appellant in the amount of $89.50.

                              FOR THE COURT:
                              Molly C. Dwyer
                              Clerk of Court

                              Synitha Walker
                              Deputy Clerk

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN GALLAGHER, | No.   14-56517 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00886-AJB-WVG |
| v. | |
| SAN DIEGO UNIFIED PORT DISTRICT; DOES, 1 through 20, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted August 31, 2016[**]
Pasadena, California

Before: SILVERMAN, FISHER, and WATFORD, Circuit Judges.

John Gallagher appeals the district court's summary judgment in favor of the San Diego Unified Port District. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court correctly applied the but-for causation test to Gallagher's Americans With Disabilities Act retaliation claim. *See T.B. ex rel Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015). Likewise, the district court correctly held that *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517 (2013), was intervening controlling authority that allowed it to reconsider causation on remand. *Compare T.B.*, 806 F.3d at 473, *with Head v. Glacier Nw., Inc.*, 413 F.3d 1053, 1064-65 (9th Cir. 2005).

The district court also correctly ruled that Gallagher's evidence does not show that retaliation was *the* cause of the non-renewal of his anchorage permit, as the but-for test requires. In the previous appeal, we held only that retaliation was shown to be a possible cause because the individual who denied Gallagher's appeal of the permit denial knew about Gallagher's previous lawsuit. Applying the but-for test, undisputed evidence establishes that Gallagher's 2001 settlement and anchorage permits were subject to A-8 anchorage regulations. Pursuant to those regulations, Gallagher's permit was not renewable in 2007 because his previous permit had already expired and his boat was not in the water subject to inspection. As the district court ruled, even if the Port District bore some ill will towards Gallagher, the regulations prohibited renewal of the permit and the Port District had no discretion to renew Gallagher's permit. In other words, Gallagher cannot

show that absent his protected activity, the Port District would have renewed the permit.

Finally, the district court did not abuse its discretion by denying, for lack of diligence, Gallagher's second Rule 56(d) request for additional discovery. Gallagher failed to depose any witnesses during the case and failed to conduct the additional discovery allowed by the court when it granted Gallagher's first Rule 56(d) request. *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) (a lack of diligence in conducting discovery supports the denial of a Rule 56 request for additional discovery).

**AFFIRMED.**

FILED

SEP 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Gallagher v. San Diego Unified Port District*, No. 14-56517

FISHER, Circuit Judge, dissenting:

"To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse . . . action; and (3) there was a causal link between the two." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). The "standard for the 'causal link' is but-for causation." *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015). "This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the [defendant]." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

In the majority's view, Gallagher has not presented a triable issue on the third element of a prima facie case – a but-for causal link between his protected activity and the Port District's refusal to honor his "no expiration date" anchoring permit. I respectfully disagree with this conclusion because it improperly applies the law of the case doctrine.

"Under the law of the case doctrine, a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case." *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc). "We have recognized exceptions to the law of the case doctrine,

however, where '(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.'" *Id.* (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc)).

The exception for substantially different evidence does not apply here. The summary judgment record before us today, and before the district court on remand, is the same record as was before us when we decided Gallagher's previous appeal. *See Gallagher v. San Diego Unified Port Dist.*, 548 F. App'x 377 (9th Cir. 2013) (*Gallagher I*).

The exception for an intervening change in the law does apply here, but only to a limited extent. When we issued *Gallagher I*, we applied a motivating factor standard to causation in ADA retaliation claims. In *Nassar*, however, the Supreme Court adopted a but-for causation standard for retaliation claims under Title VII, *see Nassar*, 133 S. Ct. at 2533, and in *T.B.*, we extended the but-for causation standard to ADA retaliation claims, *see T.B.*, 806 F.3d at 473. *T.B.*, which we decided after *Gallagher I*, constitutes an intervening change in the law for purposes of the law of the case doctrine. The effect of an intervening change in the law, however, is limited. It allows reconsideration of a previous decision in the same

2

case only to the extent the previous decision is actually affected by the change in the law. *See McKesson Corp. v. Islamic Republic of Iran*, 52 F.3d 346, 350-51 (D.C. Cir. 1995) ("Because this portion of our prior opinion is unaffected by [the intervening change in the law], it remains the law of the case, not subject to reconsideration in this second . . . appeal.").

In *Gallagher I*, we decided two relevant issues. First, we held a reasonable jury could find the Port District had a retaliatory motive for refusing to honor Gallagher's "no expiration date" anchoring permit. *See Gallagher I*, 548 F. App'x at 381 ("A reasonable jury could find a retaliatory motive . . . ."). Second, we held a reasonable jury could find the Port District's proffered non-retaliatory reason for its actions was pretextual – i.e., not worthy of belief. *See id.* at 380 ("Gallagher has . . . presented sufficient evidence of pretext to survive summary judgment."). The majority has not explained why these determinations are subject to reconsideration. Because they were not premised on the motivating factor standard, they are not affected by the change in the law, and thus are "not subject to reconsideration in this second . . . appeal." *McKesson*, 52 F.3d at 351.

Because these determinations remain the law of the case, we are bound to follow them here. *See Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013) ("The law of the case doctrine holds that 'a court will

3

generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case.'" (quoting *Gonzalez*, 677 F.3d at 389 n.4)). Doing so, I part company with the majority's conclusion that Gallagher cannot establish a prima facie case of but-for causation. If a reasonable jury could find the Port District had a retaliatory motive for refusing to honor the "no expiration date" permit, and if it also could find the Port District's proffered non-retaliatory reason for refusing to honor the permit was pretextual and hence false, then it necessarily and logically follows that a reasonable jury could find a retaliatory motive was the but-for cause of the Port District's actions. A faithful application of the law of the case doctrine, therefore, requires vacatur of the district court's grant of summary judgment.

    Although not the chief reason for my dissent, I am also troubled by the majority's decision to uphold the district court's unprecedented expansion of the intervening change in the law exception. The district court concluded it was not bound by *Gallagher I* because *Nassar* – decided six months *before Gallagher I* – constituted an intervening change in the law. I am not aware of any authority extending the intervening change in the law exception to a *non-intervening* change in the law, so I cannot join the majority's endorsement of the district court's approach.